**Kenneth J. GARDNER, Plaintiff,**

v.

**INVESTIGATORS, INC., a Florida Corporation doing business as Fidelifacts, et al., Defendants.**

**No. 76–39–Orl–Civ–R.**

United States District Court, M. D. Florida, Orlando Division.

May 4, 1976.

Richard M. Cowen, Melbourne, Fla., for plaintiff.

Ronald A. Harbert, of Mateer, Harbert, Bechtel & Phalin, P. A., Orlando, Fla., for defendant Investigators, Inc.

Robert B. Worman, Law Offices of Linton S. Waterhouse, Orlando, Fla., for defendant Carole S. Emmons.

Donald R. Emmons, in pro. per.

## ORDER

REED, District Judge.

The complaint in this case charges the defendants with various violations of the provisions of 15 U.S.C. § 1681 et sequi. Each defendant has filed a motion to dismiss. The threshold question presented by each motion with respect to the counts of the complaint charging violations of § 1681 is whether or not a "consumer report" was prepared or caused to be prepared by the defendants. The complaint alleges that the report in question was caused to be prepared for use in connection with a state court civil action in which the defendant Carole S. Emmons was seeking to increase child support and medical expenses to be paid by the plaintiff. The purposes for which the report was procured are expressly alleged in paragraphs 11 and 12 of the complaint. The complaint specifically alleges in paragraph 15 that the report was not furnished by defendant Investigators, Inc. to Carole Emmons for any of the uses specified in § 1681(b).

Title 15, § 1681 defines a "consumer report" in terms of its use. A report is a "consumer report" within the meaning of the statute depending upon its actual or expected use. See § 1681(a) and 1681(b).

The complaint in this case makes it apparent that the report prepared for Carole Emmons was not used or expected to be used for any of the purposes enumerated in § 1681(a) and 1681(b). The report is, therefore, not a consumer report and the provisions of 15 U.S.C. § 1681 et sequi are inapplicable to the defendants. For this reason, the complaint fails to state a cause of action under § 1681 et sequi.

The plaintiff, citing *Belshaw v. Credit Bureau of Prescott, et al.,* D.Arizona, 1975, 392 F.Supp. 1356, seeks to have this Court give an expansive interpretation to 15 U.S.C. § 1681. Such an effort on this Court's part would only lead to the injection of further confusion into the meaning and operation of a statute which at best is far from clear. The Fifth Circuit Court of Appeals recently stated in the case of *Diamond Roofing Co. Inc. v. Occupational Safety and Health Review Com'n, et al.,* 528 F.2d 645 (1976):

"If a violation of a regulation subjects private parties to criminal or civil sanc-

tions, a regulation cannot be construed to mean what an agency intended but did not adequately express."

This Court sees no reason why that rule of construction should not equally apply to the provisions of 15 U.S.C. § 1681 et sequi. In short, it is the view of this Court that the operation of the statute should be limited to those reports which fall within the manifest intent of the legislation. Court expansion of a statute of this nature would subject a citizen to civil penalties without prior warning in the language of the statute that his conduct would attract such a consequence.

For the foregoing reasons, this Court concludes that Counts 1 through 4 of the complaint fail to state a cause of action cognizable under the federal statute in question, and there is consequently no basis for pendent jurisdiction over the state court claims set out in Counts 5 and 6. It is, therefore,

ORDERED that the motions to dismiss are granted and the complaint is dismissed without prejudice.

FURTHER ORDERED that the plaintiff shall have 20 days from the date hereof within which to file and serve such amended complaint as he may be advised.