Eunice T. RICE, Plaintiff,

v.

MONTGOMERY WARD AND CO.,
INC., Defendant.

No. C–77–155–G.

United States District Court,
M. D. North Carolina,
Greensboro Division.

May 18, 1978.

William F. Horsley, Reidsville, N. C., for plaintiff.

Michael M. Conway, Chicago, Ill., and Lewis A. Cheek, Durham, N. C., for defendant.

## MEMORANDUM AND ORDER

GORDON, Chief Judge.

This matter is before the Court on the plaintiff's motion for leave to file a supple-mental complaint alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. The defendant opposes granting the motion on the ground that the supplemental complaint fails to state a claim upon which relief can be granted and that therefore, granting the plaintiff's motion would be a futile act. For the reasons set out below, the Court concludes that the supplemental complaint does state a claim for relief under the FCRA and that the motion for leave to file a supplemental complaint should be granted.

The underlying cause of action in this case arises under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691e, out of a refusal by defendant, Montgomery Ward and Co., Inc. (Wards) to grant credit to the plaintiff. On June 25, 1976, the plaintiff applied for a credit card by filling out an application in Wards' department store in Greensboro, North Carolina. The application was processed in accordance with Wards' normal business practice and evaluated using a credit scoring system. In July, 1976, Wards informed the plaintiff that it was refusing to open a credit account in the plaintiff's name. The plaintiff thereafter wrote Wards and requested information on the specific factors Wards used to deny her credit. Wards responded by a letter which informed the plaintiff that it had a credit scoring system and that her score on the system had fallen below the minimum required score. Upon receipt of this letter, the plaintiff wrote Wards again requesting a more specific explanation of the reasons why her credit application was denied. Wards responded with a letter which stated at greater length that Wards used a credit scoring system, that no single factor determines whether a person receives an adequate score, and that the plaintiff had not received the minimum score. Subsequently, the plaintiff filed suit in April, 1977, alleging that Wards' actions violated the disclosure provisions of the Equal Credit Opportunity Act, and regulations issued pursuant thereto, 12 C.F.R. § 202 et seq. (Regulation B). The plaintiff

further alleged that the actual reason for the denial of credit was her status as a divorced woman.

The plaintiff's supplemental complaint, if filed, would allege that the defendant has violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. by obtaining credit reports on the plaintiff under false pretenses for use in this litigation. The defendant has admitted, by answers to interrogatories filed in this case, that it twice obtained credit reports on the defendant from the Eden Merchants Association after the present litigation was filed. The plaintiff supports her position with an informal staff opinion from the Federal Trade Commission which concludes that a person who willfully and knowingly obtains information on a consumer from a consumer reporting agency under false pretenses is subject to civil liability under 15 U.S.C. § 1681n.

Since Wards opposes the plaintiff's motion on the ground that it fails to state a claim upon which relief can be granted, the Court will initially determine whether the proposed supplemental complaint states a claim.

Sections 1681n and 1681o of the FCRA create civil causes of actions against those who violate the provisions of the Act. Section 1681n provides:

"Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1) any actual damages sustained by the consumer as a result of the failure;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

Section 1681o provides:

"Any consumer reporting agency or user of information which is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in the amount equal to the sum of—

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

Therefore, whether the proposed supplemental complaint states a claim depends on whether Wards' alleged conduct constitutes a willful or negligent failure to comply with any requirement imposed by the FCRA.

■ Although the FCRA's detailed and complex requirements have often forced courts to engage in protracted examination of the Act to determine its coverage of alleged violations, the facts of this case present this Court with an easier task. The main bulk of FCRA requirements are imposed only on consumer reporting agencies and thus are irrelevant in the present case since Wards is not a consumer reporting agency in the context of this litigation. Only four sections of the FCRA place requirements on persons who are not consumer reporting agencies: §§ 1681d, 1681m, 1681q and 1681r.[1] Of these, only § 1681q

---

1. Section 1681d requires persons procuring or causing to be prepared "investigative consumer reports" to make disclosures to the consumer in certain circumstances. Under the facts as alleged by the plaintiff, this case does not involve an investigative consumer report and § 1681d would not be applicable. Section 1681m, which places certain disclosure requirements on users of consumer reports, does not apply here because the information Wards obtained was not used to deny or increase the price of credit or insurance. Section 1681r, which is not applicable here, provides for criminal penalties for the unauthorized disclosure of

seems applicable to the facts of this case. Section 1681q provides that:

> "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both."

While § 1681q is a criminal provision, it unmistakably imposes on all persons the obligation to refrain from obtaining information on a consumer from a consumer reporting agency under false pretenses. The Court notes that since § 1681q requires the information to have been knowingly and willfully obtained under false pretenses, a person may be held civilly liable pursuant only to § 1681n which covers willful failure to comply with the FCRA and not under § 1681o which pertains to negligent noncompliance with the FCRA.[2]

■ Wards contends that no liability can attach under § 1681n because the credit report it received from the Eden Merchants Association was not a "consumer report" within the meaning of § 1681a(d). Wards' argument, however, contains two fallacies. The first is that for civil liability to attach under § 1681n, a consumer report must be involved. Section 1681n creates liability for the willful noncompliance with any requirement of the FCRA. It is true that certain FCRA requirements are imposed only in connection with the use of "consumer reports" or "investigative consumer reports." Logically, civil liability for noncompliance with these requirements can exist only when the noncompliance involves a "consumer report" or an "investigative consumer report." The FCRA imposes other requirements without regard to whether "consumer reports" are involved. For liability to attach under § 1681n for noncompliance with this second group of requirements, it is unnecessary that a "consumer report" be involved. In this case where

liability is premised on a violation of § 1681q, it is immaterial whether the information that passed from the Eden Merchants Association to Wards was a "consumer report", since § 1681q pertains to all information on a consumer which is obtained from a consumer reporting agency and not just to consumer reports.

■ The second fallacy in Wards' argument is its contention that the information it received from the Eden Merchants Association was not a consumer report. A consumer report, as defined in 15 U.S.C. § 1681a(d) is

> "[A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is *used* or *expected to be used* or *collected* in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title." (Emphasis added.)

Wards contends that unless the purpose of the person who obtains a credit report on a consumer is one of the purposes specified in § 1681a(d), the credit report is not a consumer report within the meaning of that subsection. If this were a case where a consumer reporting agency specially prepared a report on a consumer with knowledge that it was to be used in litigation, Wards' contention would have some merit. *Cf. Gardner v. Investigators, Inc.,* 413 F.Supp. 780 (M.D.Fla.1976) (involving a report specially prepared for use in civil litigation). However, if as the plaintiff contends, Wards simply asked the Eden Merchants Association for all information contained in its files on the plaintiff, the credit

---

information by an officer or employee of a consumer reporting agency.

**2.** Wards contends in opposition to the plaintiff's motion that a private cause of action should not be implied directly from the criminal

provision in § 1681q. However, there is no need to imply a private cause of action since a private civil action is expressly authorized by § 1681n. Reference is made to § 1681q only to define civil liability under § 1681n.

report transmitted to Wards would probably be a consumer report because the information in it was either *collected* or *expected to be used* for one of the purposes set out in § 1681a(d). Furthermore, if, as the plaintiff contends, Wards obtained the credit report under false pretenses, the credit report would be a consumer report because it was *expected,* by the Eden Merchants Association to be used for one of the purposes in § 1681a(d).

As pointed out to the Court by Wards, its position is fully supported by the District Court's decision in *Henry v. Forbes,* 433 F.Supp. 5 (D.Minn.1976). The Court, however, must decline to follow the decision in *Henry* because, as this Court views it, the *Henry* court's restrictive view of the FCRA's scope is not supported by the language of § 1681a(d). Furthermore, if this Court were to hold that the FCRA does not apply where the recipient of the information obtains it for an unauthorized purpose, it would undermine the consumer's right to privacy, one of the policies underlying the FCRA.[3]

For the foregoing reasons, the Court concludes that the plaintiff's proposed supplemental complaint states a claim upon which relief can be granted. The Court further finds that Wards would not be prejudiced by granting the plaintiff's motion for leave to file the supplemental complaint since the plaintiff could immediately file another suit if her motion was denied. Furthermore, it appears there would be a close relationship between such a suit and the present one since the credit report was allegedly obtained by Wards for purposes of this litigation. In addition, the Court is of the opinion that granting the motion would promote judicial economy and would not prevent the speedy disposition of the original issues in this case. Therefore, the plaintiff's motion will be allowed pursuant to Rule 15(d).

---

**3.** The Congressional intent to protect the consumer's right to privacy is manifest in § 1681q. Furthermore, § 1681 of the FCRA declares that:

"(a) the Congress makes the following findings:

## ORDER

For the foregoing reasons, it is ORDERED that the plaintiff's motion for leave to file a supplemental complaint is, and the same is hereby, granted. The defendant is directed to file an answer to the supplemental complaint no later than twenty days from the date on which it is filed by the plaintiff.

"(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."