**Charles A. HEATH, Plaintiff-Appellant,**

v.

**CREDIT BUREAU OF SHERIDAN, INC., a Wyoming Corporation, Kenneth Ledford, International Union Progressive Mine Workers of America, and Does 1–15, Defendants-Appellees.**

No. 79–1599.

United States Court of Appeals, Tenth Circuit.

Submitted March 31, 1980.

Decided April 2, 1980.

694

L. M. Chipley of Vidakovich, Pappas, Hooper & Chipley, Jeffrey City, Wyo., for plaintiff-appellant.

David F. Palmerlee of Redle, Yonkee & Arney, Sheridan, Wyo., for defendant-appellee Credit Bureau of Sheridan, Inc.

Edwin H. Whitehead of Urbigkit & Whitehead, Cheyenne, Wyo., for defendants-appellees Kenneth Ledford, International Union Progressive Mine Workers of America and Does 1–15.

Before LEWIS, McWILLIAMS and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Charles A. Heath appeals from an order dismissing federal and state claims asserted against Credit Bureau of Sheridan, Inc. (credit bureau), the International Union of Progressive Mine Workers of America (union), Kenneth Ledford, and unidentified agents of the union and of the credit bureau. The issues in this appeal concern only the trial court's disposition of Heath's claim that appellees violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

Heath, allegedly an active and reform-seeking member of the union, asserts in his complaint that the union, through Ledford, requested from the credit bureau a " 'consumer report,' within the meaning of 15 U.S.C. § 1681a(d)" in order to "embarrass, humiliate and discredit [Heath] in the eyes of the public, and more specifically, in the eyes of his co-workers and brother union members." The credit bureau allegedly prepared and delivered the report even though it knew or should have known the union requested the report for purposes not permitted by the Act. Heath also asserts the credit bureau intentionally failed to honor his written request for information concerning the nature of the materials in his credit file and the identities of any recipients of that information. He seeks actual and punitive damages.

In its answer, the credit bureau admitted that it is a "consumer reporting agency" within the meaning of the Act. *See* 15 U.S.C. § 1681a(f). It also admitted supplying information concerning Heath's history of bankruptcies to the union. Following a hearing, but before discovery was undertaken, the trial judge dismissed the claims for failure to state a claim upon which

relief could be granted, Fed.R.Civ.P. 12(b)(6), and apparently for want of subject matter jurisdiction.[1] *Id.* 12(b)(1). In his memorandum opinion, the judge reasoned that the Act applies only if the relationship between the person requesting information from a credit reporting agency and the individual who is the subject of the request is a "consumer relationship"; in the absence of such a relationship, what was supplied by the credit bureau could not be a consumer report within the meaning of the Act. We disagree.

## I

The Fair Credit Reporting Act was adopted to assure that entities engaged in the business of assembling, evaluating, and disseminating information concerning the personal financial affairs of consumers adopt reasonable procedures to protect the accuracy and confidentiality of such information. 15 U.S.C. §§ 1681(a)(4), (b). Willful or negligent violation of the requirements imposed by the Act can give rise to civil and criminal liability. *See id.* §§ 1681n, 1681o, 1681q, 1681r.

At the center of the regulatory scheme is the concept of a "consumer report," defined to be

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title. . . .

15 U.S.C. § 1681a(d). Section 1681b provides as follows:

> A consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (1) In response to the order of a court having jurisdiction to issue such an order.
>
> (2) In accordance with the written instructions of the consumer to whom it relates.
>
> (3) To a person which it has reason to believe—
>
> > (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> >
> > (B) intends to use the information for employment purposes; or
> >
> > (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
> >
> > (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
> >
> > (E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

Heath asserts the credit bureau supplied to Ledford and the union a consumer report for the purpose of humiliating, embarrassing, and discrediting him, a purpose clearly not within those enumerated in section 1681b. The essence of the trial court's ruling, and appellees' argument, is that there can be no consumer report in the circum-

---

1. The order dismissing the claims recited Heath's failure to state a claim for relief, but the memorandum opinion accompanying the order referred to want of jurisdiction. Since Heath's claims clearly are for liability created under the Act, *see* 15 U.S.C. §§ 1681n, 1681o and 1681p, we treat the order as having been made pursuant to Rule 12(b)(6), except for the claim treated in Part II, *infra. Cf. Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (jurisdiction based on general federal question statute exists if plaintiff's right to recovery depends upon the interpretation to be given the federal law upon which the alleged liability is based.)

stances alleged in this case: the statutorily permitted purposes to which the information must relate all concern consumer transactions; therefore, information supplied to a person not engaged in such a transaction cannot be a consumer report. Thus, bankruptcy information on Heath supplied to the union, even for the express purpose of harassment,[2] cannot be a consumer report because Heath and the union were not engaged in a consumer transaction. This construction of the statute finds support in several cases. *See, e. g., Henry v. Forbes,* 433 F.Supp. 5 (D.Minn.1976); *Sizemore v. Bambi Leasing Corp.,* 360 F.Supp. 252 (N.D. Ga.1973); *Fernandez v. Retail Credit Co.,* 349 F.Supp. 652 (E.D.La.1972). *See also Wrigley v. Dun & Bradstreet, Inc.,* 375 F.Supp. 969 (N.D.Ga.), *aff'd without op.,* 500 F.2d 1183 (5th Cir. 1974). *Contra, Hansen v. Morgan,* 582 F.2d 1214, 1218 (9th Cir. 1978); *Rice v. Montgomery Ward & Co.,* 450 F.Supp. 668, 671–72 (M.D.N.C.1978); *Belshaw v. Credit Bureau of Prescott,* 392 F.Supp. 1356 (D.Ariz.1975). But we think it springs from a mistaken premise—that applicability of the Act is governed entirely by the purpose of the person requesting the information.[3]

We believe a critical phrase in the definition of consumer report is the second requirement: the relevant information must be "used or expected to be used or collected in whole or in part for the purpose of serving as a factor" with regard to enumerated transactions. This phrase clearly requires judicial inquiry into the motives of the credit reporting agency, for only it "collects" the information. Similarly, the term "expected to be used" would seem to refer to what the reporting agency believed. *See Hansen v. Morgan,* 582 F.2d 1214, 1218 (9th Cir. 1978); *Rice v. Montgomery Ward & Co.,* 450 F.Supp. 668, 671–72 (M.D.N.C. 1978); Note, *Judicial Construction of the Fair Credit Reporting Act: Scope and Civil Liability,* 76 Colum.L.Rev. 458, 471–78 (1976). Thus, if a credit bureau supplies information on a consumer that bears on personal financial status, but does not know the purpose for which the information is to be used, it may be reasonable to assume the agency expected the information to be used for a proper purpose. *Hansen v. Morgan,* 582 F.2d at 1218. Similarly, if at the time the information was collected, the agency expected it to be used for proper purposes, a transmittal of that information would be a consumer report. *Id.* Finally, even if the request for information was made under the false pretense of a proper purpose, data supplied would be a consumer report if the agency expected it to be used for the represented purpose. *Cf.* 15 U.S.C. § 1681q (criminal liability for acquiring information on a consumer under false pretenses).

By restricting the purposes for which consumer reports can be supplied to legitimate transactions involving consumers, we believe Congress meant to prevent intrusions into consumers' private affairs when no legitimate transaction was actually imminent. Indeed, an abuse frequently noted by members of Congress during consideration of the Act was the instance of a TV reporter acquiring such reports by giving a

---

2. In their briefs, appellees argue that Ledford and the union sought the report for the purpose of determining whether Heath could obtain a bond required for the union position Heath was then seeking. Apparently rumors that Heath had declared personal bankruptcy several times in the past precipitated the request for information from the credit bureau. For purposes of this appeal, however, we assume as true Heath's allegation that the reason for seeking the report was to discredit him. Because of our disposition, we find it unnecessary to decide whether credit information relevant to a union election is a purpose for which the credit bureau could supply a consumer report. *See* 15 U.S.C. § 1681b(3)(E).

3. Several of the cases accepting this premise rely upon a consumer credit guide issued by the Federal Trade Commission to show that the FTC interprets "consumer report" as only applying to situations where personal, family, or household credit is to be extended. *See e. g., Sizemore v. Bambi Leasing Corp.,* 360 F.Supp. 252, 254 (N.D.Ga.1973). But 16 C.F.R. § 600.-1(c) and (d) (1980) treat credit guides as being "consumer reports," and violative of one of the stated purposes of the Act, "respect for the consumer's right to privacy," because they are sold to persons who may not intend to extend such credit to particular individuals whose credit is treated in the report.

fictitious company name and false reasons for acquiring the report. *E. g.,* S.Rep.No. 517, 91st Cong., 1st Sess. 4 (1969).

■ Heath's allegations, measured by this analysis, state a claim for relief against the credit bureau. Whether the allegations have merit, of course, remains to be determined in further proceedings. Crucial to this will be an examination of the bureau's purpose when it collected the information, and what it knew and expected concerning the use of the information supplied to Ledford and the union.

## II

■ Heath also alleges the credit bureau is liable for its failure to comply with his request to view the files the bureau maintained concerning him and to be apprised of who had received information therefrom. The trial court also dismissed this claim, apparently believing that jurisdiction depended upon the existence of a consumer report. This was error. 15 U.S.C. § 1681p vests jurisdiction in the district court "to enforce any liability created under this subchapter . . . ." Sections 1681n and 1681o create civil liability for willful and negligent noncompliance with "any requirement imposed under this subchapter with respect to any consumer . . . ." Section 1681g[4] requires, with restrictions not necessarily applicable here, a consumer reporting agency to disclose upon request of the consumer the "nature and substance of all information . . . in its files on the consumer" and the names of recipients of that information; that statute does not limit the request to consumer reports. *Cf. Rice v. Montgomery Ward & Co.,* 450 F.Supp. 668 (M.D.N.C.1978) (recognizing that not all requirements of the Act are limited to consumer reports). Thus, it is apparent that Heath's allegations invoked the jurisdiction of the district court with respect to this claim, and reversal is required.

## III

Thus far we have discussed only claims asserted against the credit bureau. Although the analysis in Part I, *supra,* would be applicable to the claims against the union and Ledford, we conclude that Heath's complaint fails to state a claim against them upon which relief could be granted.

■ To be held civilly liable under the Act, it must be alleged and shown that a person willfully, 15 U.S.C. § 1681n, or negligently, *id.* § 1681o, failed to comply with a requirement of the Act. Here Heath alleged that the union and Ledford "willfully, knowingly and intentionally" requested the report from the credit bureau and "willfully, intentionally, and maliciously" used it to embarrass, humiliate and discredit him. The Act, however, addresses the credit reporting agency and requires that it refrain from supplying information to persons who will use it for improper purposes. 15 U.S.C. § 1681b. The only requirement that arguably applies to Ledford and the union here is § 1681q, which imposes criminal liability on any person "who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses . . . ." Courts have held that violation of this provision forms the basis for civil liability within the meaning of section 1681n, because it "requires" a person not to willfully obtain information by false pretenses. *E. g., Hansen v. Morgan,* 582 F.2d 1214 (9th Cir. 1978); *Rice v. Montgomery Ward & Co.,* 450 F.Supp. 668 (M.D. N.C.1978). We do not take a position on this issue, because Heath's complaint has not alleged that Ledford and the union employed false pretenses to secure the information from the credit bureau. We therefore affirm the dismissal of the complaint against all defendants except the credit bureau.

The order is vacated in part, affirmed in part, and the case is remanded for further proceedings consistent with this opinion.

---

**4.** In his complaint, Heath alleged he requested the information pursuant to 15 U.S.C. § 1681d. This section, however, applies only to an "investigative consumer report." Since Heath does not allege an investigative consumer report, but makes allegations directly applicable to § 1681g, we assume the reference in the complaint is a miscitation.