**Jean KENNEDY and Sailor J. Kennedy, Plaintiffs-Appellants,**

v.

**BORDER CITY SAVINGS & LOAN ASSOCIATION, et al., Defendants-Appellees.**

**Sailor J. KENNEDY, Plaintiff-Appellant,**

v.

**MATAN, RINEHART & SMITH, L.P.A., et al., Defendants-Appellees.**

Nos. 83–3380, 83–3597.

United States Court of Appeals, Sixth Circuit.

No. 83–3597 Submitted Aug. 29, 1984.

No. 83–3380 Submitted Aug. 30, 1984.

Decided Nov. 1, 1984.

Wellford, Circuit Judge, filed a concurring opinion.

Sailor J. Kennedy, pro se.

J. Richard Gaier, Pat Liddy, Piqua, Ohio, for defendants-appellees in No. 83–3380.

John J. McHugh, Alan J. Miller, Fuller & Henry, Toledo, Ohio, Bruce L. Ingram, Vorys, Sater, Seymour & Pease, Columbus, Ohio, Frank E. Kane, Eastman & Smith, Toledo, Ohio, for defendants-appellees in No. 83–3597.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and GIBBONS, District Judge.[*]

GIBBONS, District Judge.

These cases involve the common issue of whether the Fair Credit Reporting Act, 15 U.S.C. Section 1681 *et seq.*, provides a civil right of action against a user of credit information for obtaining such information under false pretenses. The district court found that it did not create such a right of action. We disagree.

Section 1681n of the Fair Credit Reporting Act imposes civil liability on a user of credit information who willfully fails to comply with any requirement of the Act. Section 1681q of the Act makes it a crime to knowingly and willfully obtain information on a consumer from a consumer reporting agency under false pretenses. Thus, the question before us is whether Section 1681q's criminal prohibition against obtaining information under false pretenses is a "requirement" of the Act within Section 1681n.

In *Hansen v. Morgan*, 582 F.2d 1214 (9th Cir.1978), the Ninth Circuit Court of Appeals addressed the issue before us. The Ninth Circuit reasoned that Section 1681q "requires that users of consumer information refrain from obtaining such information from credit reporting agencies under false pretenses." *Id.* at 1219. Therefore, it concluded that violation of Section 1681q forms a basis for civil liability under Section 1681n.[1] *Id.* The court observed that

---

[*] The Honorable Julia Gibbons, Judge, United States District Court for the Western District of Tennessee, sitting by designation.

[1]. The Ninth Circuit in *Hansen* also held that violation of Section 1681q may form a basis for civil liability under Section 1681o, which imposes civil liability on a user of information who negligently fails to comply with the Act's re-

quirements. *Hanson v. Morgan*, 582 F.2d at 1219. Since violation of Section 1681q occurs only when an individual acts knowingly and willfully, Section 1681n rather than Section 1681o is the proper vehicle for civil liability for violations of Section 1681q.

its construction of the Act was consistent with congressional intent as manifested by the language of Section 1681n, the legislative history and the purposes of the Act. *Id.* at 1220. *Accord, Rice v. Montgomery Ward and Co.*, 450 F.Supp. 668 (M.D.N.C. 1978).

Appellees here contend that an examination of the legislative history of the Act mandates a result contrary to the rulings in *Hansen* and *Rice.* First, they point out that the original Senate bill imposed civil liability for noncompliance with the Act's requirements and listed those requirements, but that Section 1681q was not a part of the original bill and was added later. Therefore, they argue, the "requirements" language of Section 1681n cannot refer to the criminal prohibition of Section 1681q. Second, appellees note that Congress failed to move out of committee or pass the House version of credit reporting legislation, which expressly imposed civil liability for obtaining credit information under false pretenses. They assert that this failure indicates congressional intent not to create such liability.

Review of the legislative history of the Act convinces us that appellees' arguments about congressional intent are without merit. Section 1681q was added after the original Senate version of the bill was introduced, but it is just as likely that Congress intended Section 1681q to be an added "requirement" of the Act as it is that Congress considered Section 1681q solely a criminal prohibition. The legislative history really provides no guidance on this question. Similarly, Congress' failure to pass the House credit reporting legislation reveals little about congressional intent. The House legislation contained several provisions not included in the Fair Credit Reporting Act as ultimately enacted. There is no indication that congressional failure to pass the House legislation was attributable to the provision for civil liability for obtaining credit information by false pretenses. Nor is there any indication that any amendment to the Act containing language similar to the civil remedy language

of the House legislation was proposed and rejected.

■ Absent contrary Congressional intent, the plain language of Sections 1681n and 1681q leads to the conclusion that Section 1681q imposes a requirement that a user not obtain credit information under false pretenses. Phrasing the "requirement" as a thing prohibited or required not to be done rather than as an affirmative obligation does not deprive Section 1681q of its status as a requirement. Nor does imposition of criminal penalties for violation of Section 1681q rob it of its enforceability through Section 1681n. Thus, a civil cause of action under Section 1681n exists for violation of Section 1681q.

Because an express cause of action exists, it is unnecessary to decide whether a cause of action may be implied under Section 1681q.

■ The district court's ruling was based on a finding that the Fair Credit Reporting Act is applicable only if a "credit report" as defined by the Act is involved or if the credit information is obtained for a proper statutory purpose. We reject this result for two reasons. First, Sections 1681n and 1681q by their terms are not limited to transactions involving credit reports as are many other provisions of the Act. Second, Section 1681q is meaningless if existence of a credit report is required for its application. "Credit report" in the Act is by definition a report obtained for certain proper purposes. Information obtained by false pretenses will frequently, if not always, be obtained for improper purposes. Certainly, a proper purpose is not a prerequisite to a violation of Section 1681q.

The district court's dismissal of No. 83–3597 for failure to state a claim upon which relief can be granted is reversed. This court's ruling makes consideration of the collateral estoppel issue unnecessary.

The district court's ruling granting summary judgment to appellees in No. 83–3380

is reversed. Appellants' other assignments of error in this case are without merit.

Both cases are remanded for further proceedings.

---

WELLFORD, Circuit Judge, concurring.

I concur with the decision reached in this case which cites with approval *Hansen v. Morgan,* 582 F.2d 1214 (9th Cir.1978). That decision concluded that § 1681q "does state a 'requirement imposed under this subchapter'" (referring to the FCRA). *Id.* at 1219. The *Hansen* court, however, added a sentence after reaching its conclusion:

> If the agency [consumer reporting agency] is complying with the statute, then a user cannot utilize an accout with a consumer reporting agency to obtain consumer information for a purpose not permitted under § 1681b without using a false pretense.

*Id.*

I am not sure the above rationale necessarily follows from the language of § 1681b, which refers to "permissible *purposes* of consumer reports*" (emphasis added), because "permissible purposes" and "false pretenses" are not necessarily so integrated. The willful and knowing requirement in the "false pretenses" section (1681q) was omitted in the above quoted statement. Thus, for example, one may obtain a consumer report under what is believed to be a proper purpose under the statute but which a court may later rule to be impermissible legally under § 1681b; I would not be prepared to rule that use to be one obtained under the willful and knowing false pretense standard of § 1681b.

As noted also in *Hansen,* 582 F.2d at 1218, under another section of Title 15, civil liability is limited under the FCRA to instances involving malice or willful intent to injure. Our decision, therefore, should not be interpreted as requiring less than a willful and purposeful act with a motivation to injure in order to establish liability under the FCRA.