Vincent J. **IPPOLITO** and Judy T. Ippolito, Plaintiffs,

v.

**WNS, INC.** and Equifax Services Inc., Defendants.

Michael J. **GOODMAN,** M.D. and Peggy A. Goodman, Plaintiffs,

v.

**WNS, INC.** and Equifax Services Inc., Defendants.

Wayne A. **GERENSTEIN** and Nancy M. Gerenstein, Plaintiffs,

v.

**WNS, INC.** and Equifax Services Inc., Defendants.

**Nos. 86 C 470, 86 C 471 and 86 C 472.**

United States District Court, N.D. Illinois, E.D.

June 30, 1986.

Wayne B. Giampietro, Stephen G. Daday, DeJong, Poltrock & Giampietro, Chicago, Ill., for plaintiffs.

John W. McCullough, Paul S. Turner, David E. Schroeder, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Equifax Services, Inc.

## ORDER

BUA, District Judge.

Plaintiffs bring these actions seeking monetary relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Defendant Equifax Services Inc. ("Equifax") moves to dismiss plaintiffs' complaints for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons stated herein, this Court denies in part and grants in part defendant's motion to dismiss.

## FACTS

This lawsuit was filed after plaintiffs discovered that defendant Equifax had prepared several reports regarding plaintiffs' personal background, employment, and financial status. Equifax is a consumer reporting agency. Equifax prepared these reports for the benefit of codefendant WNS, Inc.

Plaintiffs allege that Equifax prepared these reports in violation of various sections of the Fair Credit Reporting Act codified at 15 U.S.C. §§ 1681b and 1681d.

## DISCUSSION

### 1. 15 U.S.C. § 1681b

In analyzing the sufficiency of a complaint upon a motion to dismiss, this Court is guided by the liberal pleading policy incorporated in the Federal Rules of Civil Procedure. A complaint must be construed in the light most favorable to the plaintiffs, the allegations thereof being taken as true. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 80 (1957).

Defendant argues that the complaints fail to state a claim under § 604 of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681b. Defendant notes that § 604 of the FCRA applies only to consumer reporting agencies furnishing "consumer reports." Defendant contends that plaintiffs did not allege sufficient facts demonstrating defendant furnished "consumer reports." Defendant also contends that plaintiffs failed to demonstrate defendant

lacked reason to believe that the user of these reports intended to use the reports for a permissible purpose. Consequently, defendant maintains § 604's provisions do not apply to defendant and the claims must be dismissed. Defendant's arguments will be discussed separately.

■ First, defendant contends that plaintiffs did not allege sufficient facts demonstrating defendant furnished consumer reports. This Court disagrees. In the instant case, this Court must look at all facts included in the complaints to determine whether a cause of action has been stated in each complaint. First, all plaintiffs allege a report was prepared on their credit worthiness, and all plaintiffs presented to the Court a copy of these reports prepared by defendant. Moreover, in paragraph 7 of each complaint, plaintiffs specifically alleged that the prepared report pertaining to them was a consumer report. Consequently, this Court must construe plaintiffs' pleadings as true and the complaints as sufficient.

Defendant's second argument is equally unpersuasive. Defendant contends that a report collected and released by a consumer reporting agency is a "consumer report" only if the party requesting the preparation of the report intended to use the report for one of the purposes enumerated in § 1681b. Defendant then claims the requesting party in these cases intended to use the reports in connection with a declaratory judgment action and not for one of the purposes enumerated in § 1681b. Therefore, defendant maintains the reports are not "consumer reports" as defined by the FCRA and the Act's restrictions do not apply to defendant.

This argument was rejected in *Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693 (10th Cir.1980). The *Heath* court held that a determination of whether a report constitutes a "consumer report" requires judicial inquiry into the motives of the credit reporting agency in preparing the report. The *Heath* court focused its attention on what the reporting agency perceived to be the requesting parties' intended use of the report and not the requesting parties' intended or actual use. The court reasoned that any information collected "in whole or in part" for a purpose perceived to be one of the purposes listed in § 1681a(d), regardless of the requesting party's actual use of the report, is a consumer report. *Heath*, 618 F.2d at 696.

The *Heath* court also held that when a credit reporting agency provided financial and personal information on a consumer, but did not know the purpose for which the information was to be used, it is reasonable to assume the consumer reporting agency expected the information to be used for a permissible purpose. *Id.* at 696. This assumption renders the report a "consumer report."

■ In the present case, neither plaintiffs nor defendant allege defendant knew the reason the requesting party requested the reports be prepared on plaintiffs' credit worthiness. Therefore, this Court assumes the consumer reporting agency expected the reports to be used for a permissible purpose. Since the reporting agency believed the requesting party requested the reports for a permissible purpose, this Court holds that the prepared reports were consumer reports. Accordingly, defendant's motion to dismiss plaintiffs' § 604 claims is denied.

### 2. 15 U.S.C. § 1681d

Defendant Equifax argues that the complaints fail to state a claim under § 606 of the FCRA. 15 U.S.C. § 1681d. Defendant asserts that plaintiffs cannot state a claim for relief against Equifax under § 606. Defendant maintains that § 606 does not apply to a consumer reporting agency who is alleged to have prepared a report, but instead applies exclusively to a party who requested the preparation of a report. This Court agrees.

■ This Court holds that plaintiffs' complaints fail to state a claim under § 606 of the FCRA. 15 U.S.C. § 1681d. Section 606 applies only to a party requesting an investigative consumer report, and not a

consumer reporting agency preparing a report. *Middlebrooks v. Retail Credit Co.,* 416 F.Supp. 1013, 1017 (N.D.Ga.1976); *Henry v. Forbes,* 433 F.Supp. 5, 10 (D.Minn.1976). Accordingly, this Court grants defendant Equifax' motion to dismiss plaintiffs' § 606 claims to the extent they relate to Equifax. Plaintiffs' claims are still viable to the extent they relate to codefendant WNS.

## CONCLUSION

Defendant Equifax' motion to dismiss is granted in part and denied in part. Defendant's motion to dismiss plaintiffs' § 604 claims is denied. However, this Court grants defendant Equifax' motion to dismiss plaintiffs' § 606 claims to the extent they relate to Equifax. Plaintiffs' § 606 claims are still viable to the extent they relate to codefendant WNS.

IT IS SO ORDERED.