838 F.2d 469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ocie M. WILLIAMS, Plaintiff-Appellant,
v.
AVCO FINANCIAL SERVICES; F.A. Moore, Defendants-Appellees.
 No. 87-1141.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1987.
Decided: Jan. 20, 1988.
 
 Ocie M. Williams, pro se.
 H. Dolph Berry, Berry & Byrd, for appellees.
 Before K.K. HALL, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ocie Williams, a pro se litigant, appeals the district court's dismissal of his complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. Williams contends that after his wife applied for a loan from AVCO Financial Services, one of the company's agents did a credit check on him even though he had not requested the loan. The defendants filed a Rule 12(b)(6) motion asserting that Williams failed to state a claim for relief. In opposition to the motion to dismiss Williams submitted his wife's affidavit which states that she was seeking the loan solely on her own behalf. The district court found, inter alia, that Williams had failed to state a claim under the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681 et seq. (F.C.R.A.), because he had failed to allege that defendants were either a consumer reporting agency or a user of information provided by such an agency as required by 15 U.S.C. Sec. 1681(n) and (o).
 
 
 2
 The materials submitted by Williams in opposition to the motion to dismiss strongly suggest, however, that AVCO is a user of information provided by a consumer reporting agency. Under section 1681(g) of the F.C.R.A. "any person who knowingly and willfully obtains information on a consumer from a customer reporting agency under false pretenses," may be subject to criminal liability. Three circuits have determined that actions for civil liability may also be brought where information is obtained under false pretenses. See Kennedy v. Border City Savings & Loan Ass'n, 747 F.2d 367 (6th Cir.1984); Heath v. Credit Bureau of Sheridan, Inc., 618 F.2d 693 (10th Cir.1980); Hansen v. Morgan, 582 F.2d 1214 (9th Cir.1978).
 
 
 3
 Conceivably, if the defendants purported to obtain credit information on Williams on the basis that he was applying for a loan when in fact he was not doing so, they could be liable for obtaining credit information under false pretenses. Thus, on the present record, it is not clear that Williams had failed to state a claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts entitling him to relief).
 
 
 4
 We accordingly vacate the district court's dismissal and remand for further consideration of Williams' claim under the F.C.R.A. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 5
 VACATED AND REMANDED.