**George M. McKOWN and DaMac Construction Company, Inc., Plaintiffs,**

v.

**DUN & BRADSTREET, INC., Defendant.**

**Civ. A. No. 89–1204–T.**

United States District Court, D. Kansas.

Sept. 7, 1990.

Mark A. Rondeau, Watkins, Calcara, Rondeau & Friedeman, P.A., Great Bend, Kan., for plaintiffs.

Ken M. Peterson and Diane S. Worth, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant's motion to dismiss, or in the alternative, for summary judgment (Doc. 7). Defendant argues that plaintiffs' libel claim is barred by the statute of limitations and that plaintiffs have failed to state a claim under the Kansas Fair Credit Reporting Act, K.S.A. 50–701 *et seq.* The court has considered the briefs submitted by the parties and is prepared to rule.

 The standards governing consideration of a motion to dismiss for failure to state a claim upon which relief can be granted are clearly established. Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the factual allegations of a complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). Pleadings are to be liberally construed. *Gas-a-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102, 1107 (1973). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). If matters outside the pleading are presented to and not excluded by the court, a motion to dismiss for failure to state a claim shall be treated as a motion for summary judgment and the parties shall be given the opportunity to present all material pertinent to such a motion. Fed. R.Civ.P. 12(b).

 The procedural posture of this case requires that the court deviate from the usual practice of converting a motion to dismiss into a motion for summary judgment. Defendant filed with its motion for summary judgment the affidavit of J. Erica Sack. Doc. 11. On the same date it filed its motion to dismiss, defendant filed a motion to stay discovery. Doc. 9. Because plaintiffs failed to file a timely response to the motion, the Magistrate granted the motion to stay discovery as an uncontested motion pursuant to D.Kan.Rule 206(g). Doc. 13. Plaintiff does not have access to matters within the exclusive knowledge of defendant and consequently would not be able to provide the court with an affidavit based on personal knowledge on the issue of the defendant's motive. Since the court concludes below that the defendant's motive is the key factual issue, defendant's motion shall be treated solely as a motion to dismiss. Defendant shall not be allowed to take advantage of the stay of discovery (which is a rare occurrence in this court, granted in this case solely because of the plaintiffs' failure to file a timely response brief), provide its own affidavit, and hold plaintiffs responsible for failure to controvert the defendant's statement of facts. The court shall not consider the affidavit submitted by the defendant in resolving the pending motion. *See* Fed.R.Civ.P. 12(b) (matters outside the complaint may be excluded by the court when considering a 12(b)(6) motion).

Plaintiffs' complaint alleges that on or about April 20, 1987, defendant maliciously communicated false information tending to deprive plaintiffs of the benefit of public confidence and social acceptance by disseminating written statements which falsely reported:

Involuntary petition in bankruptcy filed under Chapter 7, Apr 1 1987, Case # 87–10895, Wichita, KS. Filed by Damac Drilling Inc, against George M McKown. Attorney for petitioners is Richard Benjes, Hutchinson, KS. Filed by Hughes Tool Co, Houston, TX; BJ–Titan Services, Houston, TX; Gearhart Industries Inc, Oklahoma City, OK and Chris Hunt Water Hauling Constructors Inc. Adjudicated bankrupt Apr 1 1987.

Doc. 1, ¶ 6. Plaintiffs further allege that this communication was false and was made with a willful, wanton, and reckless disregard of the rights and interests of plaintiffs and with indifference to the probable consequences of the act. Plaintiffs

allege that defendant's communication constitutes libel per se and that defendant's conduct violates the Kansas Fair Credit Reporting Act. Plaintiffs filed their complaint April 10, 1989.

Defendant first argues that plaintiffs' libel claim is barred by the statute of limitations. The court must determine which statute of limitations applies and when the statute began to run. Defendant relies on K.S.A. 60–514(1), which provides that an action for libel or slander must be brought within one year. Plaintiffs have responded that they intended to plead a negligence cause of action and seek leave to amend their complaint to clarify their claim. The statute of limitations governing negligence claims is two years. K.S.A. 60–513(a)(4).

The court believes that plaintiffs' cause of action as currently pleaded is one for libel and not negligence. In a libel action, a plaintiff who is a public official or a public figure must prove malice; otherwise, the defamatory statement is not actionable. When a plaintiff is neither a public official nor a public figure, he need only prove that the defamatory statement was *negligently* published. *Sellars v. Stauffer Communications, Inc.*, 9 Kan.App.2d 573, 575, 684 P.2d 450 (1984), *aff'd*, 236 Kan. 697, 695 P.2d 812 (1985). A negligent publication case, therefore, differs from other defamation cases only in the intent requirement. The other elements of a defamation case are unchanged. For this reason, the court believes the statute of limitations governing defamation should apply. To the extent that plaintiffs have pleaded or seek to plead a negligent defamation claim, the one year statute of limitations governing libel and slander, and not the two year statute of limitations governing negligence, governs this action.

Defendant next argues that the statute of limitations begins to run on the date of publication, not on the date of discovery of the allegedly libelous material. According to plaintiffs' complaint, the date of publication was April 20, 1987. Defendant concludes that the complaint, filed April 10, 1989, was untimely. Some courts have adopted the view that while the date of publication triggers the statute of limitations in a mass media case, the discovery of the publication triggers the statute of limitations in a credit reporting case. *See Rinsley v. Brandt*, 446 F.Supp. 850, 853 (D.Kan.1977) (discussing *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill.2d 129, 334 N.E.2d 160 (1975); *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976)).

In *Rinsley v. Brandt*, Judge Rogers held that the discovery rule did not apply to the determination of the accrual of a cause of action for defamation by mass media. Judge Rogers distinguished the situation presented here, defamation by credit reporting, noting that publication in credit reporting cases often would not be discovered until long after the passage of the statute of limitations. 446 F.Supp. at 853. Judge Rogers quoted the following statement of the Illinois Supreme Court:

> We would note that cases involving defamation by credit reporting agencies can be readily distinguished from those involving alleged defamations through so-called mass media publication. In claimed libels involving, for example, magazines, books, newspapers, and radio and television programs, the publication has been for public attention and knowledge and the person commented on, if only in his role as a member of the public, has had access to such published information.

*Id.* (quoting *Tom Olesker's Exciting World of Fashion, Inc.*, 334 N.E.2d at 161). In cases involving defamation by credit reporting, access to the alleged defamatory material is limited. *See Rickman v. Cone Mills Corp.*, 129 F.R.D. 181, 185 n. 5 (D.Kan.1989) (Chief Judge O'Connor recognized that the discovery rule has been applied to "unusual defamation cases where the alleged defamation has been of a confidential or inherently secretive nature," including defamation by credit reporting cases). This court believes that the Kansas Supreme Court would adopt the discovery rule for the accrual of a cause of action for libel based on false credit reporting. Plain-

tiffs' complaint does not specify when the plaintiffs discovered the allegedly defamatory material contained in the credit report. Therefore, the court is unable to determine whether plaintiffs' libel claim is timely.

■ Plaintiffs' second claim is based on the Kansas Fair Credit Reporting Act, K.S.A. 50–701 *et seq.* Two issues are presented: whether defendant is a "consumer reporting agency" and whether the report it prepared is a "consumer report," as those terms are defined in the Act. The Kansas Fair Credit Reporting Act is modeled on the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t. "Therefore, case law interpreting the federal Act, although not controlling, is persuasive." *Peasley v. TeleCheck of Kansas, Inc.*, 6 Kan.App.2d 990, 994, 637 P.2d 437 (1981). Since *Peasley* is the only published Kansas case interpreting the Kansas Act, this court shall apply case law interpreting the federal Act.

Under the Kansas Act, the term "consumer reporting agency" means:

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

K.S.A. 50–702(e); *see* 15 U.S.C. § 1681a(f) (identical definition of consumer reporting agency). The statute presents a three part test for determining whether a person is a consumer reporting agency: (1) the person must engage in the practice of assembling or evaluating credit information or other information on consumers; (2) for the purpose of furnishing "consumer reports" to third parties; (3) through the use of any facility of interstate commerce. Defendant does not dispute the first and third elements of the test. Defendant argues, however, that the credit information it gathers on individuals is used solely for commercial

business reports, and not consumer reports.

The court must therefore examine the statutory definition of "consumer report." The term "consumer report" means, in pertinent part:

any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes, or employment purposes, or other purposes authorized under K.S.A. 50–703....

K.S.A. 50–702(c); *see* 15 U.S.C. § 1681a(d) (similar definition of consumer report). Defendant argues that the court can rule as a matter of law that the report at issue in the present case is not a consumer report, but is a commercial business report which is not covered by the Act.

The Tenth Circuit's interpretation of "consumer report" in the federal Act requires the court to examine the subjective motives of the credit reporting agency. In *Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693 (10th Cir.1980), the Tenth Circuit stated:

We believe a critical phrase in the definition of consumer report is the second requirement: the relevant information must be "used or expected to be used or collected in whole or in part for the purpose of serving as a factor" with regard to enumerated transactions. This phrase clearly requires judicial inquiry into the motives of the credit reporting agency, for only it "collects" the information. Similarly, the term "expected to be used" would seem to refer to what the reporting agency believed.

*Id.* at 696. In the absence of Kansas Supreme Court or Court of Appeals authority to the contrary, the court will follow the Tenth Circuit's decision involving the feder-

al Act. What the defendant's motives were presents a factual issue which cannot be resolved on a motion to dismiss.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss, or in the alternative, for summary judgment (Doc. 7) is hereby denied.