Calvita J. FREDERICK,
Plaintiff–Appellant,

v.

MARQUETTE NATIONAL BANK,
Defendant–Appellee.

No. 89–3515.

United States Court of Appeals,
Seventh Circuit.

Submitted July 20, 1990.

Decided Aug. 28, 1990.

MaNina M. Harper, Calvita J. Frederick, Chicago, Ill., for plaintiff-appellant.

Stephen A. Snakard, McCarthy, Duffy, Neidhart & Snakard, William S. Wigoda, Michael E. Roble, Horvath & Wigoda, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., CUDAHY, and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This is a suit under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* On January 24, 1989, the plaintiff, Calvita Frederick, signed a contract to purchase a condominium apartment for $45,000 from the principal defendant, Marquette National Bank. The contract gave Frederick 45 days to obtain financing for the purchase, but also gave Marquette an option to arrange for the financing if the purchaser was unable to obtain financing on her own. In February, within the 45–day period, Marquette asked Frederick for permission to obtain a credit report on her, and when she refused went ahead and got it anyway. The apartment was sold to someone else after Frederick failed to obtain financing on her own and Marquette refused to finance the purchase itself or make other arrangements.

The Act permits a consumer reporting agency to furnish a credit report to a person who the agency reasonably believes has "a legitimate business need for the information in connection with a business transaction involving the consumer." 15 U.S.C. § 1681b(3)(E). The district judge thought Marquette's need for a credit report on Frederick so plain, in light of Marquette's option to finance the purchase if Frederick failed to obtain financing herself, that he granted Marquette's motion to dismiss the complaint. We would be inclined

**2**

to agree, although given some pause by Frederick's vigorous assertion—not tested by trial or pretrial discovery, because as we have said the complaint was dismissed on the defendant's motion—that Marquette told her from the start that it was not interested in financing any more purchases in the neighborhood of the apartment. The contract entitled Marquette, if Frederick failed to obtain financing, not only to finance the purchase itself but also to find someone else to finance it. The first option may have been excluded by Marquette's decision not to become more deeply involved in the neighborhood in question, but there is no suggestion that the second was; it remained alive, and would seem to have warranted Marquette in taking steps to discover whether Frederick was sufficiently credit-worthy to justify a search for an alternative mortgagee. The need was legitimate and connected with a business transaction with the consumer, and nothing more would seem to be required to bring Marquette's action within the protection of the statutory provision that we quoted.

■■■ But this we need not decide. The statute is not even potentially applicable to Marquette. So far as pertains to this case, the statute imposes civil liability only for the dissemination of consumer credit reports by consumer reporting agencies, *Ippolito v. WNS, Inc.*, 864 F.2d 440, 448 n. 8 (7th Cir.1988), which Marquette National Bank is not. This was not the district court's ground for dismissing the suit. But we can affirm on any ground fairly supported by the record. *Klingman v. Levinson*, 877 F.2d 1357, 1360 n. 3 (7th Cir.1989). Now it is true that this principle contains the sometimes unspoken qualification that the ground have been one urged by the appellee. *Miller v. Civil City of South Bend*, 904 F.2d 1081, 1103 (7th Cir. 1990) (en banc) (concurring opinion). It would be reckless to affirm on a ground that the appellant had never had a chance to address because the appellee had failed to raise it. But there is an exception to the exception. If the waived ground makes the suit frivolous, the dismissal can be affirmed on that ground. *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276–77

(7th Cir.1988). A frivolous suit does not invoke the jurisdiction of the federal courts, meaning: a frivolous suit, because it is a complete waste of judicial effort, can be dismissed even if the parties do not recognize its frivolousness. When a statute expressly confines liability to X's and the defendant is a Y, the suit is frivolous. *Rush v. Macy's New York, Inc.*, 775 F.2d 1554 (11th Cir.1985).

The district court was right to dismiss the suit, but the dismissal should have been based on frivolousness. As so modified, the judgment is

AFFIRMED.