Edward E. **ALLEN**, Plaintiff,

v.

Logan **CALVO**, Defendant.

Civ. No. 92–6147–FR.

United States District Court, D. Oregon.

Sept. 24, 1993.

Claud Ingram, Eugene, OR, for plaintiff.

John R. Osburn, Douglas R. Andres, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for defendant.

## OPINION

FRYE, District Judge.

Plaintiff, Edward Allen, brings this action for the alleged violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.* Currently before the court is defendant's motion for summary judgment (# 33).

### BACKGROUND

During 1990, defendant, a Josephine County deputy sheriff, was assigned to investigate Allen's involvement in certain financial transactions. (Affidavit of Logan Calvo at 1–2.) On April 10, 1990, defendant served a grand jury subpoena on Mike Halsey, an employee of United Finance Company. The subpoena directed Halsey to appear before the Josephine County grand jury on April 12, 1990 and to bring all "records pertaining to Ed Allen." (*Id.* at 2; Plaintiff's Exh. 1.) Halsey appeared before the grand jury and Allen was subsequently indicted and convicted on charges of issuing false financial statements and theft. (Deposition of Mike Halsey at 17; Affidavit of John R. Osburn Aff., Exh. D.)

On April 25, 1990, defendant requested that Halsey obtain a copy of a consumer report on Allen. Defendant informed Halsey that he wanted the consumer report in connection with his criminal investigation and prosecution of Allen. (Halsey Dep. at 19.) Halsey subsequently obtained the report from CBI/Equifax, a national credit bureau, without revealing to CBI/Equifax the purpose for the report. (*Id.* at 7, 20.)

### STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the Court of the basis of its motion, and identifying those portions of " 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91

L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987)). If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. *Matsushita Elec. Industrial Co.*, 475 U.S. at 587, 106 S.Ct. at 1356. If the factual context makes the non-moving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. *Id.; In Re Agric. Research and Technology Group*, 916 F.2d 528, 534 (9th Cir.1990); *Cal Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

### DISCUSSION

■ The FCRA provides for damages when a "user" willfully and knowingly obtains consumer information from a consumer reporting agency under false pretenses. *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1273 (9th Cir.1990); *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978); 15 U.S.C. §§ 1681n and 1681q. Both defendant Calvo and Mike Halsey are "users" of consumer information within the meaning of the FCRA. *See Yohay v. City of Alexandria Employees Credit Union*, 827

F.2d 967, 973 (4th Cir.1987) ("user" includes the ultimate destination of report as well as person who acquired report for another); *Rylewicz v. Beaton Services, Ltd.*, 698 F.Supp. 1391, 1400 (N.D.Ill.1988) (same); *Boothe v. TRW Credit Data*, 557 F.Supp. 66, 71 (S.D.N.Y.1982) (same). However, because Mike Halsey is not a named defendant, his conduct in obtaining the report is not at issue. More importantly, the fact that Halsey failed to convey the true purpose of the information to CBI/Equifax is not attributable to defendant.

■ Accordingly, it must be determined whether defendant personally used false pretenses to obtain the consumer information.[1] "The standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1618b." *Hansen*, 582 F.2d at 1219; *Zamora v. Valley Fed. Savings & Loan Assn. of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir.1987). Hence, a user who purports to seek a consumer report for a permissible purpose, while secretly seeking the report for an impermissible purpose, is subject to liability under the FCRA for obtaining information under false pretenses. *Zamora*, 811 F.2d at 1370; *Zeller v. Samia*, 758 F.Supp. 775, 781 (D.Mass.1991); *see also Comeaux*, 915 F.2d at 1273; *Hansen*, 582 F.2d at 1219–20.

It is uncontested that defendant requested the credit report in connection with his criminal investigation of Allen. Neither a criminal investigation nor a state grand jury subpoena constitute a permissible purpose to furnish a consumer report under § 1681b. However, it is also uncontested that defendant revealed to Halsey the purpose for which he sought the report. Accordingly, there is no genuine issue of material fact as to whether defendant obtained the report through the use of false pretenses. *See Houghton v. New Jersey Manuf. Ins. Co.*, 615 F.Supp. 299, 306

---

1. Because 15 U.S.C. § 1681q pertains to "information" obtained from a consumer reporting agency, the court need not determine whether the information supplied by CBI/Equifax is a "consumer report" within the meaning of § 1681a(d). *See Ippolito v. WNS, Inc.*, 864 F.2d 440, 448 (7th Cir.1988); *Kennedy v. Border City Savings & Loan Assoc.*, 747 F.2d 367, 369 (6th Cir.1984).

**304**

(D.C.Pa.1985), *rev'd. on other grds.*, 795 F.2d 1144 (3rd Cir.1986) (holding, as a matter of law, that user who disclosed impermissible purpose was not guilty of obtaining information through false pretenses).

Finally, the court notes that Allen has offered no evidence to controvert defendant's affidavit testimony that he had a good faith belief that he was entitled to the consumer report "based on the Grand Jury subpoena and the fact that United Finance was apparently the victim of a crime for which the credit report was evidence." *See* 15 U.S.C. § 1681n (requiring willful noncompliance) and § 1681q (requiring knowing and willful conduct).

### CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (# 33) is GRANTED.