**Debra S. DiCARLO,**

v.

**MARYLAND AUTOMOBILE INSUR-ANCE FUND, Equifax Credit Information Services, Inc., Jamie Focas.**

Civ. No. S 93–2388.

United States District Court,
D. Maryland.

June 2, 1994.

Charles J. Goetz, III, Stuart M. Blum, Blum & Weisbaum, Baltimore, MD, for plaintiff.

Mark D. McCurdy, Victoria M. Burgess, Asst. Attys. Gen., Annapolis, MD, for defendants MAIF & Focas.

Thomas M. Wood, IV, Neuberger, Quinn & Gielen, Baltimore, MD, for defendant Equifax.

### MEMORANDUM OPINION

SMALKIN, District Judge.

This tempest in a statutory teapot is before the Court on cross-motions for summary judgment. The facts are essentially undisputed, briefing is complete, and no oral hearing is necessary on the matters of law presented. Local Rule 105.6, D.Md.

█ The plaintiff was injured in an accident with a driver insured by the Maryland Automobile Insurance Fund (MAIF), an agency of the State of Maryland established to insure high risk drivers. *See* Md.Ann. Code art. 48A, § 243 *et seq.* (1957). The plaintiff hired Stuart Blum, Esq., to bring a claim against MAIF's insured on account of her accident. Mr. Blum got into negotiations with MAIF's adjustor, Jamie Focas. During the course of negotiations, Focas requested, on behalf of MAIF, that Blum provide her with DiCarlo's Social Security number, a request at which Blum bristled and which he refused (judging from his deposition testimony, at p. 24) on the basis that a Social Security number is some sort of privileged information.

When Focas' request for the Social Security number was refused, Focas, through channels at MAIF, requested that DiCarlo's Social Security number be obtained through Equifax Credit Information Services, Inc., formerly a defendant in this case (as was MAIF).

Once such a request was made, the provisions of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and its counterpart state law, Md.Com.Law Code Ann. § 14–201 *et seq.* (1957, 1990 Repl.Vol.) were triggered, because Equifax is a "consumer reporting agency" within the statutory definition of 15 U.S.C. § 1681a(f). Equifax provided MAIF with an abbreviated report, giving the plaintiff's place of residence, her Social Security number, her date of birth, her former name, her present and former employment, and identifying one account she had with Citibank.

When Equifax informed DiCarlo that MAIF had obtained a credit report on her, she contacted Blum, and the rest of the story is told by the filing of this lawsuit, which has consumed much time and much money. (The Court might add, based on DiCarlo's deposition, that she can point to *no* actual damages sustained from this affair.)

Sad to say, this case is an illustration of the type of lawsuit that should not be filed. The gist of the one remaining claim (the others having been disposed of by motion) is that Focas is personally liable to DiCarlo for causing the Equifax report to be sent to MAIF for a purpose for which its dissemination and use was not authorized by 15 U.S.C. § 1681b.

The Court will assume, led by pronouncements in *Hoke v. Retail Credit Corporation,* 521 F.2d 1079, 1081 (4th Cir.1975), that the report in question was a "consumer report," as defined in 15 U.S.C. § 1681a(d). The Court will further assume that the report was not disseminated by the credit reporting agency for a permissible purpose within 15 U.S.C. § 1681b.

Nonetheless, as the well-reasoned opinions of the Seventh Circuit in *Frederick v. Marquette Nat. Bank,* 911 F.2d 1, 2 (1990), and *Ippolito v. WNS, Inc.,* 864 F.2d 440, 448 n. 8 (7th Cir.1988), make clear, liability is not imposed upon a user of consumer reports (a term not defined by statute but which obviously includes MAIF, and, arguably, Focas) for improperly requesting a consumer reporting agency's report. As cogently explained by Judge Posner in *Frederick,* statutory liability for improper dissemination rests upon the consumer reporting agency, not the recipient who made the improper request.

Under the statute, civil liability may be imposed upon users of information *only* for failing to comply with "requirements imposed upon users of information" by 15 U.S.C. § 1681m(a)–(c), whether the noncompliance was wilful or negligent, 15 U.S.C. §§ 1681n and 1681o. None of the requirements in § 1681m has the remotest thing to do with this case.

▮ Plaintiff's reliance on the criminal provisions of 15 U.S.C. § 1681q punishing obtaining a report under false pretenses is beside the point. Even if a private right of action is implied from that section, there is no evidence that Focas was actually acting under false pretenses when she requested another MAIF employee to obtain plaintiff's Social Security number through Equifax. In fact, the "Credit Bureau Request," attached as an appendix hereto, states, in Focas' handwriting, "I need SSN." Under these circumstances, Focas having been *truthful* as to why she wanted the report, there is no liability under § 1681q, for reasons stated by the court in a case practically on all fours, *viz., Allen v. Calvo,* 832 F.Supp. 301 (D.Ore.1993), *citing Houghton v. New Jersey Mfrs. Ins. Co.,* 615 F.Supp. 299, 306 (E.D.Pa.1985), *revd. on other grounds,* 795 F.2d 1144 (3rd Cir.1986). To the extent that *Hansen v. Morgan,* 582 F.2d 1214, 1219–21 (9th Cir. 1978) holds that a request by a user for a purpose outside of those listed in § 1681b constitutes "false pretenses" under § 1681q, that holding is entirely unsound, for reasons articulated by Judge Wellford in his concurrence in *Kennedy v. Border City Sav. & Loan Ass'n,* 747 F.2d 367, 370 (6th Cir.1984), and this Court declines to follow *Hansen.*

As did Judge Posner in *Frederick,* 911 F.2d at 2, this Court concludes that the federal claim is, indeed, legally frivolous as against Ms. Focas.

Because the plaintiff's federal claim is being made the subject of summary disposition herewith, her state law claim will be dismissed for lack of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3).

A separate order denying the plaintiff's motion for summary judgment, granting the defendant's motion for summary judgment, closing this case, and awarding costs against the plaintiff in favor of the defendants, will be entered.

### ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion, it is, this 2nd day of June, 1994, by the Court, ORDERED and ADJUDGED:

1. That the plaintiff's motion for summary judgment BE, and it hereby IS, DENIED;

2. That the remaining defendant's cross-motion for summary judgment BE, and it hereby IS, GRANTED;

3. That judgment BE, and it hereby IS, ENTERED in favor of defendant Focas, against the plaintiff, with costs awarded against the plaintiff and in favor of all defendants;

4. That this case BE, and it hereby IS, CLOSED; and

## APPENDIX
### CREDIT BUREAU REQUEST
### ATTN: UNINSURED DIVISION

DATE REQUESTED 1/13/93

FILE # I25/6/644                     CLAIM DIVISION C

CLAIM REPRESENTATIVE: J Focas

| LAST NAME | FIRST | MIDDLE |
|---|---|---|
| DiCarlo | Debra | Susan |

| SOCIAL SECURITY NUMBER | DATE OF BIRTH |
|---|---|
| | 11/21/62 |

| NAME OF SPOUSE: | LAST NAME | FIRST | MIDDLE |
|---|---|---|---|
| | | | |

PRESENT ADDRESS:     (include zip code)

311 Rosedale Ave    ___ __ __ __

PREVIOUS ADDRESS:     (include zip code)

____ ____ ____    ___ ___ _____

MAIF-30019 (Rev. 5/85)

I need SSN.