King, J.
Plaintiffs, Betty Joannides and Philip Joannides (hereafter Joannides), brought this action against defendants Hanover New England (Hanover), Pro-Teck Services, Ltd. (Pro-Teck), Professional Management Security, Inc. (PMSI) and Jeffrey Corkery (Corkeiy) for disclosing credit information in violation of 15 U.S.C. §1681b; §1681n; §1681q, and G.L.c. 93, §51, §66 and §63. All defendants move for summary judgment on the grounds that the credit report on Joannides was not a “consumer report” entitled to the protection provided by the above federal and state statutes. Joannides opposes the motion, claiming that the credit report is a “consumer report” as defined in the statutes, and move for summaiyjudgment in their favor. For the following reasons, Pro-Teck’s motion is allowed in full, Hanover’s, Corkery’s and PMSI’s motions are allowed in part and denied in part, and Joannides’s cross-motion is allowed in part and denied in part.
BACKGROUND
The following facts are not disputed. Joannides filed a complaint against the Sagamore Realty Trust, owner of the Cape Cod Factory Outlet Mall, for damages arising from Joannides’s slip and fall accident. Hanover, as the insurance agency for Sagamore Realty Trust, engaged the services of Corkeiy and his company PMSI to investigate Joannides to determine if she was truly injured and to determine how long Joannides would be able to sustain an action against Hanover’s insured.[2] Corkery and PMSI obtained two credit reports on Joannides from Pro-Teck, a consumer reporting agency, stating that the credit check was for an insurance investigation. These reports included Joannides’s name, postal address, social security number, information on real estate holdings and mortgages, credit card status, bank accounts and department store charges.
DISCUSSION
The federal (15 U.S.C. §1681, et seq.) and state (G.L.c. 93, §50, et seq.) statutes at issue here are virtually identical and both parties agree that federal cases would be determinative of the issues as there have been no Massachusetts cases interpreting the definition of “consumer report.”
“Consumer report” is defined as:
. . . any written . . . communication of any information by a consumer reporting agency bearing on a consumer’s credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer’s eligibility for:
1)credit or insurance to be used primarily for personal, family or household purposes or
2) employment purposes or
3) other purposes authorized under §168 lb . . .
15 U.S.C. §1681a
The “other purposes” authorized under §1681b include circumstances where a person
A) intends to use the information in connection with a credit transaction involving the consumer... and involving the extension of credit to, or review or collection of an account of the consumer; or
B) intends to use the information for employment purposes; or
C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
D) . . . determinations of the consumer’s eligibility for a license or other benefit granted by a governmental instrumentality . . . ; or
E) otherwise has a legitimate business need for information in connection with a business transaction involving the consumer.
15 U.S.C. §1681b.
The credit report at issue in the present case was expected to be used for the purpose of determining how long Joannides would be able to sustain her action against Hanover. Although Corkeiy and PMSI told Pro-Teck the report was needed as part of an “insurance investigation,” the credit report was not used to determine Joannides’s eligibility for credit, insurance, or employment nor for any of the “other purposes” listed in 15 U.S.C. §1681b.
Federal courts have found that reports expected to be used for insurance investigations are not “consumer reports” under the statute. Hovater v. Equifax, Inc., 823 F.2d 413, 417-18 (11th Cir.), cert. denied 108 S.C. 490 (1987); Houghton v. New Jersey Mfrs. Ins. Co., 795 F.2d 1144, 1148 (3rd Cir. 1986). “If the words ‘eligibility for’ are to be understood in their normal and ordinary meaning they mean eligibility to obtain insurance or credit,” thus the credit report would be considered a “consumer report” only if it is used to grant or deny the consumer’s initial application for insurance or credit. Kiblin v. Pickle, 653 P.2d 1338, 1341 (1982). The Hovater court defined “consumer report” as information from a consumer reporting agency about a consumer for use in making eligibility determinations. Hovater v. Equifax, Inc., supra at 418 (emphasis added).
The Federal Trade Commission, in addressing what constitutes a “consumer report” under 15 U.S.C. § 1681a, stated that claims reports, adjustment reports or other reports obtained by an insurer in connection with an insurance claim are not consumer reports because they are not used to determine consumer eligibility. Id. at 420.
Accordingly, the credit report on Joannides issued by Pro-Teck, is not a “consumer report” entitled to the *423 protection of 15 U.S.C. §1681, et seq. and G.L.c. 93, §50, et seq. as it was not used to determine eligibility. Thus, there was no violation of 15 U.S.C. §1681b or G.L.c. 93, §51 and summary judgment shall enter for all defendants on those claims.
Joannides has also brought claims against all the defendants for violation of 15 U.S.C. §1681q and G.L.c. 93, §66, that is, obtaining information under false pretenses. The applicable provision of the statute makes it a crime to obtain credit information on a consumer under “false pretenses”:
Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both.
15 U.S.C. §1681q.
Pro-Teck is a consumer reporting agency and did not “obtain information... from a consumer reporting agency,” thus it is not liable under U.S.C. §1681 or G.L.c. 93, §66 and summary judgment shall enter for Pro-Teck on that claim.
Obtaining credit information under false pretenses in violation of 15 U.S.C. §1681q and G.L.c. 93, §66 forms the basis for civil liability, including actual damages, punitive damages, and attorneys fees, under 15 U.S.C. §1681n, and G.L.c. 93, §63. Hansen v. Morgan, 582 F.2d 1214, 1219 (9th Cir. 1978); Rice v. Montgomery Ward & Co., Inc., 450 F.Supp. 668, 671 (M.D.N.C. 1978).
The information obtained by false pretenses from the consumer reporting agency need not meet the criteria of a “consumer report” as defined in 15 U.S.C. §1681a in order to have a claim under 15 U.S.C. §1681q. Allen v. Calvo, 832 F.Supp. 301, 303 Note 1 (D.Or. 1993); Rice v. Montgomery Ward & Co., Inc., supra at 671. Where liability is premised on a violation of §1681q, it is immaterial whether the information was a “consumer report” since §1681q pertains to all information on a consumer which is obtained from a consumer reporting agency and not just to consumer reports. Rice v. Montgomery Ward & Co., Inc., supra at 671.
Corkery and PMSI told Pro-Teck that the credit report on Joannides was needed for an “insurance investigation.” Corkery stated in his deposition that Hanover actually wanted the credit report to determine how long Joannides could sustain herself in her suit against Hanover. By obtaining the credit report on Joannides without disclosing the impermissible purpose for which the report was desired, Corkery and PMSI obtained consumer information under false pretenses. Hansen v. Morgan, supra at 1219-20. Corkery’s and PMSI’s noncompliance with §1681q forms the basis of civil liability under §1681n, thus summary judgment will be granted as to liability against Corkery and PMSI on the claims under 15 U.S.C. §168 lg and §1681n and G.L.c. 93, §66 and §63.
It is unclear from the record whether Hanover authorized Corkery and PMSI to engage in the above unlawful conduct as part of the Joannides investigation. For this reason, Joannides’s cross-motion for summary judgment will be denied.
ORDER
Based on the foregoing, it is ORDERED that:
1. Defendant Pro-Teck Services, Ltd.’s motion for summary judgment is ALLOWED as to all claims in the complaint.
2. Defendant Hanover New England’s, Professional Management Security, Inc.’s and Jeffrey T. Corkery’s motions for summary judgment are ALLOWED as to claims under 15 U.S.C. §1681b and G.L.c. 93, §51 and DENIED as to claims under U.S.C. §§1681n, 1681q and G.L.c. 93, §§63, 66; and
3. Plaintiffs’ cross-motion for summary judgment as to liability under 15 U.S.C. §1681q and 168 In and G.L.c. 93, §66 and 63 is ALLOWED as to defendants Professional Management Security, Inc. and Jeffrey T. Corkery; and DENIED as to defendant Hanover New England.

 In his uncontroverted deposition, Corkery states that Hanover wanted a thorough background on Joannides because her credit status would have a direct impact on how long she could sustain herself in a case against Hanover.