53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alexander Ifeanyi IJEMBA, aka: Alexander Ifeanyi Ijermba;
aka: Ijemba Alexander Ifeanyi; aka: Alex
Ijemba, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-56537.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alexander Ifeanyi Ijemba, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. We review de novo, United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993), and affirm.
 
 I.
 
 3
 As a preliminary matter, Ijemba contends that the government conceded the merits of his arguments because its briefing in the district court did not directly address them. This contention is without merit. We may affirm on any ground supported by the record. Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir.1994). We need not decide whether the rule in this circuit contains the "unspoken qualification that the ground have been one urged by the appellee." Frederick v. Marquette Nat'l Bank, 911 F.2d 1, 2 (7th Cir.1990). Ijemba's motion is frivolous. The government's statement to that effect in the district court, with reference to our previous memorandum and orders on Ijemba's direct appeal, is sufficient to overcome any potential waiver problems.
 
 II.
 
 4
 Ijemba contends that his due process rights were violated by the prosecutor's improper vouching for the credibility of two government witnesses. On direct appeal we concluded that Ijemba had waived this issue by not raising it at trial or in his opening brief on appeal. To have this claim reviewed on a Sec. 2255 motion, Ijemba "must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." Johnson, 988 F.2d at 945.
 
 
 5
 The cause standard requires Ijemba to show that an objective factor external to the defense prevented him from raising the claim. McCleskey v. Zant, 499 U.S. 467, 493 (1991). Ijemba offers no explanation for the default. The only apparent explanation for the default on direct appeal is that Ijemba represented himself. His pro se status does not establish cause. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908-09 (9th Cir.1986). Because Ijemba cannot demonstrate cause, we need not address the question of prejudice. We are, however, satisfied that the error, if any, "did not amount to a miscarriage of justice." United States v. Parker, 991 F.2d 1493, 1499 (9th Cir.), cert. denied, 114 S.Ct. 121 (1993).
 
 III.
 
 6
 Ijemba contends that his due process rights were violated when the government misled us in connection with its decision not to turn over bank records of Ijemba's business. On direct appeal we concluded that the government's failure to turn over these records violated neither Brady v. Maryland, 373 U.S. 83 (1963), nor Federal Rule of Criminal Procedure 16(a)(1)(C).
 
 
 7
 Ijemba argues that because of the prosecutor's misrepresentations, we were previously under the misapprehension that Ijemba never made a discovery request that would implicate Rule 16(a)(1)(C)'s disclosure requirements. Our previous decision noted that Ijemba did "not claim that he requested these documents."
 
 
 8
 The only evidence of such a request that Ijemba points to now is his attorney's cryptic suggestion at trial "that [the bank records] are properly within the scope of the letter [codefendant's counsel] sent to the prosecutor." The letter itself is not part of the record. We see no "manifest injustice" requiring us to revisit the merits of this issue. See Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992). Assuming arguendo that an appropriate discovery request was made, the district court did not abuse its discretion in concluding that the records were not discoverable. See United States v. Givens, 767 F.2d 574, 583 (9th Cir.) (evidence that provided some corroboration of prosecution witnesses, but offered to impeach defense witness not "evidence in chief"), cert. denied, 474 U.S. 953 (1985); United States v. Delia, 944 F.2d 1010, 1017-18 (2d Cir.1991) (prosecution not required to disclose rebuttal evidence to help defendant decide whether to pursue particular contention); see also United States v. Adkins, 741 F.2d 744, 746-47 (5th Cir.1984) (government not required to turn over bank records of defendants' company until it decided to introduce records in case-in-chief), cert. denied, 471 U.S. 1053 (1985).
 
 
 9
 Ijemba also argues that government committed misconduct by offering a different argument on direct appeal for withholding Ijemba's bank records than the one it offered at trial. This contention is without merit. On direct appeal, Ijemba did not even raise Rule 16 in his opening brief. The explantation offered by the government in response to Ijemba's Brady argument is consistent with the position it took in the district court and continues to assert now: use of the defendant's bank records for impeachment purposes did not require disclosure under Brady or Rule 16(a)(1)(C).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3