**Joseph ZAMORA, Plaintiff-Appellee,**

**v.**

**VALLEY FEDERAL SAVINGS & LOAN ASSOCIATION OF GRAND JUNCTION, a federally chartered savings and loan association and a Colorado corporation, Defendant-Appellant.**

No. 86–1316.

United States Court of Appeals,
Tenth Circuit.

Feb. 17, 1987.

Betty C. Bechtel of Dufford, Waldeck, Ruland & Milburn, Grand Junction, Colo., for defendant-appellant.

Nicholas W. Goluba, Jr., Glenwood Springs, Colo., for plaintiff-appellee.

Before LOGAN and MOORE, Circuit Judges, and ROGERS, District Judge.*

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

This is an appeal from a judgment of the United States District Court for the District of Colorado upholding a jury verdict of $61,500 actual damages for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA). The FCRA provides for damages when a credit report user willfully and knowingly obtains a credit report under false pretenses for an impermissible purpose. 15 U.S.C. §§ 1681b, 1681n, and 1681q.

On appeal, defendant argues that the district court erred (1) in ruling that the FCRA does not permit an employer to obtain a credit report on the spouse of an employee for "employment purposes"; (2) in relying for its definition of false pretenses on the permissible purposes listed in 15 U.S.C. § 1681b, to the exclusion of the willful and knowing requirement; and (3) in denying defendant's motion for a new trial or remittitur because the damages were clearly excessive and punitive in nature. We affirm.

Plaintiff's wife was employed by defendant as a loan officer. When she married the plaintiff, the defendant, through one of its vice-presidents, William P. Inscho, Jr., obtained a credit report on plaintiff from the Mesa County Credit Bureau (credit bureau). Inscho represented to the credit bureau that the report was to be used for "employment purposes." At the time the report was requested, plaintiff's wife was being considered for a branch manager position. The credit report indicated, among other things, an unpaid telephone bill, which plaintiff disputed. Because defendant's request for the credit report started an effort to collect the telephone bill, plaintiff learned of the request, plaintiff's wife confronted Inscho, and Inscho admitted requesting the credit report. Plaintiff then filed this action, claiming that defendant knowingly and willfully obtained a credit report on plaintiff under false pretenses for "employment purposes" in violation of the FCRA. The district court granted plaintiff's motion for partial summary judgment and ruled that a credit report cannot be obtained on the spouse of an employee for "employment purposes."

The issue of whether defendant willfully and knowingly obtained the credit report on plaintiff under false pretenses was presented to the jury. The jury found for

---

* The Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

plaintiff and awarded actual damages of $61,500. Defendant filed a motion for new trial or remittitur. The district court denied the motion and subsequently entered its final judgment. Defendant appealed.

## I

■ Defendant first maintains that the FCRA permits an employer to obtain a credit report on a spouse of an employee being considered for a security-sensitive position, so long as the intended purpose and actual use of the report is to evaluate the employee's trustworthiness for the position. We disagree.

15 U.S.C. § 1681b sets forth an exclusive list of permissible purposes for which a consumer credit report may be obtained. Section 1681b(3)(B) permits a consumer reporting agency to furnish a consumer report for "employment purposes." "The term 'employment purposes' when used in connection with a consumer report means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h). The FCRA defines a consumer as "an individual." *Id.* § 1681a(c).

Nothing in the FCRA indicates that a consumer credit report for "employment purposes" may be obtained on any person other than the actual individual whose employment is being considered. By enacting the FCRA, Congress intended to prevent invasions of consumers' privacy. *See* 15 U.S.C. § 1681; *Hansen v. Morgan,* 582 F.2d 1214, 1220 (9th Cir.1978); *In re TRW, Inc.,* 460 F.Supp. 1007, 1009 (E.D.Mich. 1978). Permitting a user of consumer reports to obtain information on a spouse for "employment purposes" would violate the right to privacy Congress intended to protect.

## II

Defendant argues that the district court erred in its definition of false pretenses by relying on the permissible purposes for obtaining a consumer report listed in § 1681b,

to the exclusion of the willful and knowing requirement. We disagree. The district court properly defined false pretenses, and there is ample evidence in the record from which the jury could conclude that defendant knew a request for spousal information was not permissible.

■ 15 U.S.C. § 1681q imposes criminal liability upon any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses. 15 U.S.C. § 1681n provides a private cause of action against any person who willfully fails to comply with any "requirement" of the FCRA. Violation of § 1681q provides a basis for civil suit pursuant to § 1681n. *Hansen v. Morgan,* 582 F.2d at 1219; *Kennedy v. Border City Savings & Loan Ass'n,* 747 F.2d 367, 369 (6th Cir.1984); *cf. Heath v. Credit Bureau of Sheridan, Inc.,* 618 F.2d 693, 697 (10th Cir.1980) (deferring consideration of this issue).

■ Whether a consumer report has been obtained under false pretenses will ordinarily be determined by reference to the permissible purposes for which consumer reports may be obtained, as enumerated in § 1681b. *Hansen,* 582 F.2d at 1219; *Boothe v. TRW Credit Data,* 557 F.Supp. 66, 71 (S.D.N.Y.1982). A consumer reporting agency may only issue a report for the purposes listed in § 1681b. *Hansen,* 582 F.2d at 1219. Accordingly, if a user requests information for a purpose not permitted by § 1681b while representing to the reporting agency that the report will be used for a permissible purpose, the user may be subject to civil liability for obtaining information under false pretenses. *Id.* at 1219–20.

In this case defendant's vice president, William P. Inscho, Jr., informed the credit agency it sought information on plaintiff for "employment purposes." A credit bureau employee testified that he would not have provided defendant the credit report had he known defendant's actual purpose for seeking the report. But defendant appears to further contend that civil liability should not be imposed, because defendant

did not knowingly and willfully seek information not permitted under the FRCA. This contention must also fail. The testimony at trial indicated that both Inscho, Jr. and another vice-president of the bank, William P. Inscho, Sr., knew the permissible purposes for obtaining consumer reports. Both are vice-presidents of defendant, a savings and loan which does frequent consumer checks and which has a compliance officer, an in-house attorney, to ensure compliance with federal statutes, such as the FCRA. Previously Inscho, Sr. had owned and Inscho, Jr. had worked at the credit bureau. Inscho, Jr. trained employees on making credit report requests at one of defendant's branches. The credit bureau employee testified that all credit bureau employees knew they could not access the records of a spouse when checking the credit of an individual. Plaintiff's wife, who was one of defendant's loan officers, testified that a credit report could not be obtained on a spouse if the spouse was not listed on the loan application. She testified that Inscho, Sr. admitted to her that the request was a mistake and attempted to rectify the mistake by offering her a bottle of wine.

■ From this evidence the jury could reasonably find that defendant knowingly and willfully obtained the consumer report under false pretenses. Because the jury's findings are not clearly erroneous, the findings are conclusively binding on appeal. *See United States v. Yellow Cab Co.,* 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949); *Schultz v. Rice,* 809 F.2d 643 (10th Cir. 1986).

### III

■ Finally, defendant argues that the district court erred in denying its motion for a new trial or remittitur, because the award of $61,500 damages was excessive and punitive. We conclude that the jury's award of damages should be upheld. "[A]bsent an award so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause

invaded the trial, the jury's determination of the damages is considered inviolate." *Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 703 F.2d 1152, 1168 (10th Cir.1981), *cert. denied,* 464 U.S. 824, 104 S.Ct. 92, 78 L.Ed.2d 99 (1983); *accord Metcalfe v. Atchison, Topeka and Santa Fe Railway Co.,* 491 F.2d 892, 898 (10th Cir.1974). Upon examination of the record on appeal, we do not believe that the award of damages in the instant case was so excessive that remittitur or a new trial is required. Plaintiff testified that the credit report incident is a continuing cause of emotional distress, and that the improper request for the report caused serious and continuing problems in his marriage, due to his initial misunderstanding about his wife's role in the request, his wife's resignation from defendant and subsequent unsatisfactory employment, and separations occasioned by his wife's seeking employment elsewhere. We conclude the district court did not err by refusing to order a new trial or remittitur.

AFFIRMED.