**Joseph DALEY, Plaintiff,**

v.

**HADDONFIELD LUMBER INC., Bay Club Condominium Association, Thomas Baird, and Robert Zegley, Defendants.**

**Civil Docket No. 96–cv–1200.**

United States District Court, D. New Jersey.

Nov. 7, 1996.

Steven E. Angstreich, Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, Cherry Hill, NJ, for Plaintiff Joseph Daley.

Marc L. Hurvitz, Horn, Goldberg, Gorny, Plackter & Weiss, Atlantic City, NJ, for Defendants Bay Club Condominium Association and Robert Zegley.

## OPINION

BROTMAN, District Judge.

Presently before the court is plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) against defendants Bay Club Condominium Association and Robert Zegley for alleged violations of the Federal Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (1982 & Supp. 1996) (hereinafter "FCRA"). Upon review of the pleadings and the submissions of the parties, and for good cause and the reasons set forth below, the court grants the motion.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, Joseph Daley (Daley), brings this action to recover damages from defendants Haddonfield Lumber Inc. (Haddonfield Lumber), Bay Club Condominium Association (Bay Club), Thomas Baird (Baird), and Robert Zegley (Zegley), jointly and severally, for violations of the FCRA.[1] Specifically, plaintiff alleges that Bay Club and its agents obtained plaintiff's credit report from Credit Bureau Associates without the knowledge or consent of the plaintiff. Plaintiff further alleges that defendant Zegley—who is both a Haddonfield Lumber employee and a member of the Bay Club Board of Directors—improperly requested the report in his capac-

ity as a Haddonfield Lumber employee, intending in fact to obtain it for the sole benefit of Bay Club. Plaintiff avers that Zegley supplied defendant Bay Club with the report which was circulated among the Bay Club Board of Directors and subsequently filed in the Bay Club manager's office.

Plaintiff claims he has suffered emotional distress, upset, and anxiety, as well as professional and business losses because defendants have disclosed his negative credit report to the public. Plaintiff claims defendants willfully and maliciously violated the FCRA, causing actual and punitive damages in the amount of $550,000. Plaintiff further contends that to the extent defendants' non-compliance with the FCRA was negligent, plaintiff is entitled to actual damages in the amount of $50,000, in addition to court costs and reasonable attorney's fees.

## II. DEFENDANTS' RESPONSE

Defendants Zegley and Bay Club admit that Zegley requested the plaintiff's credit report through Haddonfield Lumber. (Ans. at ¶ 12.) Defendants further admit that Zegley acquired the credit report at the request of and for the benefit of Bay Club. (Ans. at ¶¶ 13–14.) However, defendants deny requesting plaintiff's credit report for an improper purpose.[2] Defendants argue, moreover, that a genuine issue of material fact exists as to whether they had a permissible purpose to obtain plaintiff's credit report. In particular, Zegley and Bay Club maintain that they were entitled to the report because plaintiff wished to purchase a boat slip from Bay Club. This, defendants contend, constituted a "legitimate business transaction" under section 1681b(3)(E) of the FCRA and allowed them to obtain plaintiff's credit report.[3]

---

1. Defendants Haddonfield Lumber and Baird, not parties to the present motion, deny any knowledge or actions relating to the request of plaintiff's credit report. These defendants have filed a Crossclaim for contribution and indemnification against defendant Bay Club who, in turn, denies all allegations in the Crossclaim.

2. Defendants deny the allegations both in their Answer to the Complaint and in a Counterclaim by Defendant Bay Club.

3. Section 1681b(3)(E) of the FCRA allows a credit reporting agency to furnish a consumer report to persons having a "legitimate business need for the information in connection with a business transaction involving the consumer." 15 U.S.C. § 1681b(3)(E).

In a Counterclaim, Bay Club asks the court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to find that plaintiff, as an owner of a Bay Club unit, is liable to defendants for nonpayment of fees related to his unit.[4] Bay Club also argues that its contractual relationship with the plaintiff demonstrates that Bay Club had a permissible business purpose to request plaintiff's consumer report, thus establishing a genuine issue of material fact to preclude judgment on the pleadings.[5]

## III. DISCUSSION

### A. Standard For Judgment On The Pleadings

■ This court will grant a motion for judgment on the pleadings if the moving party establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir.1988). The district court views the pleadings and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Alken v. Lerner*, 485 F.Supp. 871, 873 (D.N.J.1980). The court will accept as true the well-pleaded allegations of the non-movant's pleadings and reject as false all the contravening assertions in the movant's pleadings. *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1058 (3d Cir.1980), *disagreed with on other grounds, Martin v. Wilks*, 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989); *Snyder v. Baumecker*, 708 F.Supp. 1451, 1452 n. 6 (D.N.J.1989).

### B. The Fair Credit Reporting Act

■ Congress enacted the FCRA to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

For example, the FCRA permits consumer reporting agencies to provide subscribers with consumer credit reports only for particular purposes, including credit, licensing, employment, or insurance purposes. § 1681b(3)(A–D). Additionally, a credit reporting agency may issue a report to a person the agency believes "has a legitimate business need for the information in connection with a business transaction involving the consumer." § 1681b(3)(E). Thus, an agency's reasonable belief as to the report's purpose determines whether the agency may lawfully issue the report to the requesting party. *See Popik v. American Int'l Mortgage Co.*, 936 F.Supp. 173, 176 (S.D.N.Y. 1996) (agency provides report based on expectation that requesting party will use report for purpose permitted by FCRA).

In addition to regulating the conduct of credit reporting agencies, the FCRA provides a mechanism to monitor and limit the actions of parties who request credit information from credit reporting agencies. To that end, the statute imposes criminal and civil penalties on persons who violate specific provisions of the Act. *See* §§ 1681n–q. In particular, sections 1681n and 1681o establish civil liability for willful and negligent noncompliance with any requirement of section 1681. §§ 1681n–o. Section 1681q, in turn, provides for criminal penalties for obtaining consumer information under false pretenses. § 1681q.

Finally, the court notes that the parties to this motion do not dispute that the report obtained from Credit Bureau Associates is a "consumer report" subject to the provisions and requirements of the FCRA.

### C. The Relationship Between "Permissible Purposes" and Allegations of "False Pretenses"

■ Section 1681b, which lists the permissible purposes for which an agency may re-

---

**4.** Bay Club contends that plaintiff has had an outstanding balance since August 1994 and owes Bay Club more than $20,000.00.

**5.** Plaintiff's Answer to Bay Club's Counterclaim denies that plaintiff received notice from Bay Club regarding his delinquent account. Plaintiff contends that 1) Bay Club's calculations were incorrect; 2) plaintiff attempted to compensate Bay Club in the sum of $7,260.79; and 3) Bay

Club refused to accept payment from plaintiff and, instead, converted plaintiff's property. Plaintiff therefore avers that Bay Club has suffered no damages.

The court's resolution of plaintiff's present motion does not affect the parties' claims raised in Bay Club's Counterclaim. The issues therein remain undecided and, moreover, unaffected by the outcome of the instant motion.

lease a credit report, expressly circumscribes the actions of consumer reporting agencies. However, this section has been applied also to users of consumer reports in the context of false pretenses allegations pursuant to section 1681q.[6] *See Korotki v. Attorney Servs. Corp.*, 931 F.Supp. 1269, 1276 (D.Md.1996) (citing *Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967, 972 (4th Cir.1987) (quoting *Hansen v. Morgan*, 582 F.2d 1214, 1216 (9th Cir.1978))). As a result, section 1681q provides the basis for imputing to users of consumer reports civil liability for willful violations of section 1681.[7] *Kennedy v. Border City Sav. & Loan Ass'n*, 747 F.2d 367, 367–68 (6th Cir.1984). With this backdrop, this court will address plaintiff's allegation that defendants lacked a permissible purpose in obtaining the credit report in light of the related claim that defendants requested the report under false pretenses.

■ Plaintiff avers that defendants used Zegley's position at Haddonfield Lumber to intentionally mislead Credit Bureau Associates into 1) believing that Haddonfield Lumber had a permissible purpose for requesting plaintiff's credit report, and 2) issuing a report which defendants in fact were obtaining for the benefit of Bay Club. Plaintiff claims that both Zegley and Bay Club are "users" of plaintiff's credit report who lacked any permissible purpose to obtain that report. Thus, plaintiff claims that defendants used false pretenses to obtain his credit report and thereby willfully violated the FCRA. Plaintiff argues that defendant Zegley's admissions in paragraph 12 and 13 of his Answer concede liability and entitle plaintiff to judgment as a matter of law.

■ In evaluating whether a person obtained a credit report under false pretenses, a court must examine the limited permissible purposes for which consumer reports may be released under section 1681b of the FCRA. *Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir.1987) (*per curiam*) (citations omitted). Most courts agree that a person is liable for obtaining information under false pretenses when that person requests a report from an agency without disclosing the improper purpose for which the person in fact seeks the report. *See, e.g., Hansen*, 582 F.2d at 1219–20; *Zamora*, 811 F.2d at 1370; *Zeller v. Samia*, 758 F.Supp. 775, 781 (D.Mass.1991). *Cf. Allen v. Calvo*, 832 F.Supp. 301, 303–04 (D.Or.1993) (citing *Houghton v. New Jersey Mfrs. Ins. Co.*, 795 F.2d 1144 (3d Cir.1986)) (user who *discloses* impermissible purpose not guilty of obtaining information under false pretenses).

■ To find liability under the false pretenses provision, some courts have required more than mere non-compliance with section 1681b. That is, in addition to requesting a report for an impermissible purpose, a person must make "a calculated attempt to mislead another in order to obtain information." *Graziano*, 877 F.Supp. at 57. Similarly, a misrepresentation is non-actionable if the FCRA would permit the requesting party to receive the credit report for an albeit unstated but permissible purpose. *Galligan v.*

---

**6.** Section 1681q of the FCRA imposes criminal liability upon "any person who knowingly and willfully obtains information on a consumer reporting agency under false pretenses." 15 U.S.C. § 1681q.

**7.** Some courts have implied that such liability may also arise under section 1681o, which addresses negligent non-compliance with the FCRA. *See Hansen*, 582 F.2d at 1219 (concluding that sections 1681n and 1681o provide civil liability for violation of section 1681q). *See also Yohay*, 827 F.2d at 971–72.

Section 1681o, however, provides a private right of action against a "user of information which is *negligent* in failing to comply with any requirement imposed under this subchapter...." 15 U.S.C. § 1681o (emphasis added). To impute civil liability for negligent violations of the requirements of section 1681q would confound the language of section 1681q which reads, "[a]ny person who *knowingly and willfully* obtains information ... under false pretenses...." (emphasis added). This court rejects the proposition that one can negligently violate section 1681q and, instead, adopts the reasoning stated by the Sixth Circuit in *Kennedy v. Border City Sav. & Loan Ass'n:* "Since violation of section 1681q occurs only when an individual acts knowingly and willfully, section 1681n rather than 1681o is the proper vehicle for civil liability for violation of [section] 1681q." *Kennedy*, 747 F.2d at 368 n. 1. *Accord Graziano v. TRW, Inc.*, 877 F.Supp. 53 (D.Mass.1995). Therefore, the court dismisses count two of plaintiff's complaint which seeks to hold defendants civilly liable for negligent non-compliance with section 1681q.

468

*Commonwealth Mortgage Assurance Co.,* No. Civ.A. 93–3129, 1994 WL 263351, at *5 n. 3 (E.D.Pa. June 14, 1994) (citing *Allen v. Kirkland & Ellis,* No. 91 C 8271, 1992 WL 206285 (N.D.Ill. Aug. 17, 1992)). This result derives from the fact that the requesting party's legal right to the information "renders immaterial any misrepresentation [she] may have committed in obtaining [the credit information,] as the consumer reporting agency was authorized to disclose the report regardless." *Id.*

■ In this circuit, the absence of a consumer relationship between the requesting party and the subject of the credit report requires the court to find that the requesting party did not have a permissible purpose to obtain the report.[8] *Houghton,* 795 F.2d at 1149. In other words, a consumer relationship between the requesting party and the subject of the credit report is a prerequisite to finding that the requesting party has a legal right to the information. In the instant case, if Zegley obtained the plaintiff's credit report without disclosing to the agency that a consumer relationship did not exist between the plaintiff and himself or the party through which he requested the report, then he received the report under false pretenses. Applying a somewhat stricter standard, *see Graziano,* 877 F.Supp. at 57, if Zegley intentionally misled the credit agency to release the plaintiff's credit report, his actions would constitute false pretenses.

Viewing the pleadings in the light most favorable to the non-moving party, *Alken,* 485 F.Supp. at 873, there exists no genuine issue of material fact regarding defendants' actions in obtaining plaintiff's credit report. Defendants Zegley and Bay Club admit that Zegley requested plaintiff's credit report from Credit Bureau Associates through Haddonfield Lumber. (Defendant Zegley and Bay Club's Ans. at ¶ 12.) These defendants also admit that Zegley in fact sought and obtained the report at the request and for the benefit of defendant Bay Club, and that that report was filed in the Bay Club manager's office. (Defendant Zegley and Bay Club's Ans. at ¶¶ 13–15.) *Cf. Galligan,* 1994 WL 263351, at *4 (granting summary judgment where no evidence of false statement or misrepresentation to agency to obtain report).

Defendants argue, in error, that a consumer relationship existed between plaintiff and defendant Bay Club, which in turn created a legitimate business need for obtaining plaintiff's credit report pursuant to section 1681b(3)(E). This argument fails as a matter of law. As the Third Circuit stated in *Houghton,* a consumer relationship must exist between the person requesting the report and the subject of the report. *Houghton,* 795 F.2d at 1149.[9] *See also Greenway v. Info. Dynamics, Ltd.,* 399 F.Supp. 1092, 1096 (D.Ariz.1974) ("Information on a particular consumer may only be provided to a third party who requires it in connection with a specific transaction *between that party and that particular consumer.*") (emphasis added), *aff'd,* 524 F.2d 1145 (9th Cir. 1975), *cert. denied,* 424 U.S. 936, 96 S.Ct. 1153, 47 L.Ed.2d 344 (1976). Because Zegley requested the report in the name of Haddonfield Lumber, the court considers Haddonfield Lumber—not Zegley—as the person requesting the report for purposes of section 1681b(3).[10] In light of *Houghton,* a consumer relationship must exist between

8. The court notes that certain permissible purposes other than a consumer relationship between the requesting party and the subject of the report also allow a credit reporting agency to release credit reports. *See* 15 U.S.C. § 1681b (permitting agency to issue credit report for limited purposes only). The court also notes, however, that the parties in this matter contest only whether section 1681b(3)(E) permitted Zegley to obtain the plaintiff's credit report, and do not invoke the other provisions of section 1681b. Indeed, the pleadings reflect that plaintiff's credit report was *not* issued for a credit, licensing, employment, or insurance purpose. *See* 15 U.S.C. § 1681b(3)(A)–(D).

9. The court notes that the Third Circuit admonished that section 1681b(3)(E) should not be read broadly to include any report involving a business reaction. *Id.* Rather, the business transaction "must relate to one of the other specifically enumerated transactions [listed] in §§ 1681a(d) and b(3) [of the FCRA], *i.e.,* credit, insurance eligibility, employment or licensing." *Id.*

10. Zegley admits in his answer that he requested the credit report through Haddonfield Lumber.

Haddonfield Lumber and Joseph Daley. However, such a relationship did not exist between Haddonfield Lumber and the plaintiff. Therefore, Zegley obtained the consumer report for an impermissible purpose.

Defendants' argument that Bay Club maintained an independent permissible purpose to obtain plaintiff's credit report is misplaced. Defendants claim that a consumer relationship between plaintiff and Bay Club exists by virtue of plaintiff's intent to purchase a boat slip from defendant Bay Club. Additionally, defendants contend that they had a legitimate business purpose to request a credit report since plaintiff's condominium fees to Bay Club were overdue. To adopt Bay Club's assertions that these underlying, arguably permissible purposes legitimated Bay Club's ultimate acquisition of plaintiff's credit report would contradict settled law and contravene the spirit and goal of the FCRA, which allows the release of credit reports only to specific parties and under specific circumstances. Under the law, when Zegley requested the plaintiff's credit report through Haddonfield Lumber, the credit reporting agency issued it to Zegley based on the representation that Haddonfield Lumber required the report for a permissible purpose. It did not release the information generally to any potential user who may indeed maintain a permissible purpose for obtaining the report.

In so finding, the court also determines defendants, Zegley and Bay Club, in turn, were unauthorized "users" of plaintiff's credit report who gained access to the report because of Zegley's representation that Haddonfield Lumber required credit information. *See Yohay*, 827 F.2d at 973 ("user" includes both ultimate destination of credit report and person who acquires report for another).

## IV. CONCLUSION

For the reasons set forth above, the court finds that there are no genuine issues of material fact as to whether defendants Zegley and Bay Club obtained credit information about Joseph Daley under false pretenses. The pleadings indicate that defendants violated section 1681n of the FCRA by willfully failing to comply with section 1681q, which proscribes accession of consumer information under false pretenses from a consumer reporting agency. Plaintiff's Motion For Judgment on the Pleadings as to Defendants Zegley and Bay Club is granted.

The court will enter an appropriate order.

### ORDER GRANTING JUDGMENT ON THE PLEADINGS

This matter having come before the court on plaintiff Joseph Daley's Motion for Judgment on the Pleadings pursuant to Fed. R.Civ.P. 12(c);

The court having considered the pleadings and submissions of the parties; and

For the reasons set forth in the court's opinion of this date;

**ORDERED** that plaintiff Joseph Daley's Motion for Judgment on the Pleadings as to defendants Robert Zegley and Bay Club Condominium Association is **GRANTED.**

No costs.

### ORDER

This matter having come before the court on plaintiff Joseph Daley's Motion for Judgment on the Pleadings pursuant to Fed. R.Civ.P. 12(c);

The court having granted plaintiff's motion as to defendants Bay Club Condominium Association and Robert Zegley in an opinion and order dated 6 November, 1996;

It appearing that plaintiff asks this court to award $50,000 in compensatory damages, $500,000 in punitive damages, as well as compensation for attorney's fees and costs of suit;

It appearing that plaintiff claims he has suffered emotional distress, upset, and anxiety, and avers that he will sustain professional losses as the result of defendants' actions. (Compl. ¶¶ 18–19);

It appearing that defendants Bay Club and Zegley have denied these allegations. (Ans. ¶¶ 18–19);

The court finding that 15 U.S.C. § 1681n permits the court to impose liability in the amount of "(1) any actual damages sustained

by the consumer as a result of the [non-compliance]; (2) such amount of punitive damages as the court may allow; and (3) . . . the costs of the action together with reasonable attorney's fees as determined by the court;"

The court finding that section 1681n(2) gives the court discretion in awarding damages;

It appearing that the court will require further briefing to determine the amount of damages to impose for defendants' violations of the FCRA;

**ORDERED** that the parties submit briefs regarding damages to the court no later than Monday, November 25, 1996.